**Shirley JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53543.**

Court of Criminal Appeals of Texas.

June 29, 1977.

William P. Allison, Austin, for appellant.

Robert O. Smith, Dist. Atty., Richard E. Banks, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of theft over $200.00. V.T.C.A., Penal Code Sec. 31.-03(d)(4)(A). Her punishment, assessed at two years' imprisonment, was probated.

The jurisdiction of the trial court to adjudicate this cause is challenged on appeal.

Appellant was charged with theft because she applied to the Texas Department of Public Welfare under Art. 695c, V.A.C.S., for "Aid to Families with Dependent Children" and, on three separate occasions, fraudulently represented that she was not employed. As a result of this misrepresentation, she received overpayments from the Department of Public Welfare totaling $703.00.

Appellant contends that she should have been prosecuted under the Public Welfare

Act, Art. 695c, supra, Sec. 34 of which provided in part:[1]

"Whoever obtains, or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

(1) Assistance, services or treatment to which he is not entitled;

(2) Assistance, services, or treatment greater than that to which he is justly entitled . . . shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined any sum not more than One Hundred Dollars ($100) or be imprisoned for not less than six (6) months, nor more than two (2) years, or be both so fined and imprisoned."

Appellant urges that this specific enactment governs over the general theft statute and that, because the special statute creates a misdemeanor, not a felony, it was improper to charge her in the district court.

Initially, we observe that appellant's conduct was in violation of both statutes. Section 34 of Art. 695c, supra, however, is much more specific than the general theft statute in three particulars: (1) the victim (Department of Public Welfare), (2) the property (assistance, etc.), and (3) the means of theft (fraudulent means, etc.).

In *Cuellar v. State,* Tex.Cr.App., 521 S.W.2d 277, at 279, we stated:

"The rules of statutory construction require that statutes that deal with the same subject be construed so that they harmonize . . . However, a special statute controls over a general statute and it makes no difference in which order the statutes were enacted . . . Where the special statute is complete within itself, it controls, even though other statutes concerning the same subject

matter contain requirements not enumerated in the special statute. Legislative intent must be examined."

See also *Sarratt v. State,* Tex.Cr.App., 543 S.W.2d 391; *Ex parte Harrell,* Tex.Cr.App., 542 S.W.2d 169; *Hines v. State,* Tex.Cr.App., 515 S.W.2d 670.

■ We conclude, after examination of Sec. 34 of Art. 695c, supra, "that the legislature intended it to be complete within itself." *Cuellar v. State,* supra. Our conclusion is supported by the specific nature of the civil statute's comprehensive scheme, including criminal penalties for welfare fraud. We find no evidence that the civil statute was repealed, impliedly or otherwise, by the enactment of the new Penal Code.[2] The prosecution should have been brought under the Public Welfare Act, not under the Penal Code.

■ Because the offense established by Sec. 34 of Art. 695c is classified as a misdemeanor, the district court did not have jurisdiction over this cause. *Ex parte Pribble,* Tex.Cr.App., 548 S.W.2d 54.

The judgment is reversed and the indictment ordered dismissed.

---

1. The portion of Sec. 34 applicable here has been repealed. See, Acts 1977, 65th Leg., p. ——, ch. —— [S.B. No. 154].

2. Contrast Acts 1977, 65th Leg., p. 81, ch. 38, in which the Penal Code was amended by adding Sec. 2506, Sale or Purchase of Child, and the Public Welfare Act was amended by repealing

Sec. 8(a), subdiv. 13, Sale or Purchase of Child; and Acts 1977, 65th Leg., p. 188, ch. 94, in which the Public Welfare Act was amended by adding Sec. 7–B creating offenses for unauthorized use of food stamps. See also footnote 1, above.