**Galal TAWFIK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63,703.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 3, 1982.

Rehearing Denied Jan. 12, 1983.

---

Paul J. Chitwood, George B. Shepherd, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., & W.T. Westmoreland, Jr. and Tom Callan, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

---

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft. After the jury found appellant guilty, it assessed punishment at two and one-half years confinement probated and $2,000.00 fine.

Appellant was convicted of knowingly and intentionally exercising control over $210.00, without the effective consent of the owner, John Lindstrom, and with the intent to deprive the owner of his property. Lindstrom, an employee of the Specialized Crime Division of the Dallas County District Attorney's Office and Marshall Gandy of the Consumer Affairs and Consumer Fraud Division of the Texas Attorney General's Office went to appellant's shop, "The Pharo's" with the purpose of purchasing Egyptian artifacts from appellant. Lindstrom, equipped with a body microphone, entered the shop and Gandy remained outside to receive the transmission from Lindstrom. On September 30, 1977, appellant sold two scarabs to Lindstrom for two hundred dollars plus tax. Appellant assured Lindstrom, both orally and through a certificate of authenticity, that the scarabs were genuine artifacts of the New Kingdom Period in ancient Egyptian history.

Appellant contends that he was improperly charged under V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A), a general theft statute, when he should have been charged under V.T.C.A. Penal Code, Sec. 32.22(b), a special statute entitled *Criminal Simulation*.

The State urged that the scarabs were not genuine ancient artifacts and that appellant was aware of this fact.

V.T.C.A. Penal Code, Sec. 31.03, reads in pertinent part:

"Sec. 31.03. Theft.

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent; . . .

" . . .

"(d) An offense under this section is:

" . . .

"(4) a felony of the third degree if:

"(A) the value of the property stolen is $200 or more but less than $10,000 . . ."

V.T.C.A. Penal Code, Sec. 32.22, reads in pertinent part:

"Sec. 32.22.   Criminal Simulation.

"(a) A person commits an offense if, with intent to defraud or harm another:

"(1) he makes or alters an object, in whole or in part, so that it appears to have value because of age, antiquity, rarity, source, or authorship that it does not have;

"(2) he sells, passes, or otherwise utters an object so made or altered;

" . . .

"(4) he authenticates or certifies an object so made or altered as genuine or as different from what it is.

"(b) An offense under this section is a Class A misdemeanor."

Under our rulings in *Ex parte Harrell,* 542 S.W.2d 168, and its progeny, if a defendant's conduct is proscribed under a general statute and a specific statute, and both statutes have the same general purpose, he should be charged under the latter statute.

This holding is based on the in pari materia rule of construction codified in Art. 5429b–2, Sec. 3.06, V.A.C.S. (Code Construction Act), which provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."

V.T.C.A. Penal Code, Sec. 1.05(b), provides:

"Unless a different construction is required by the context, Sections 2.01, 2.02, 2.04, 2.05, *and 3.01 through 3.12 of the Code Construction Act* . . . apply to the construction of this code." (Emphasis added).

V.T.C.A. Penal Code, Sec. 31.03, is a broad and general theft statute applicable to all types of unlawful appropriation of property.

V.T.C.A. Penal Code, Sec. 32.22, a special statute, extends to the forgery of ancient and modern works of art or rarity and to persons who sell, possess with intent to sell, or authenticate such forgeries with intent to defraud or harm another. It is much more specific than the theft statute with respect to the victim, the accused, and the means of theft. *Jones v. State,* 552 S.W.2d 836.

The State contends that appellant's conduct was not proscribable under V.T.C.A. Penal Code, Sec. 32.22, since there was no evidence that the scarabs were *made or altered to appear to have value* because of age, antiquity, rarity, source, or authorship.

The State's case was bottomed on the theory that the appellant's representations that the scarabs were genuine ancient artifacts were false. The State's expert, Dr. Edward Winty, explained how contemporary scarabs can be made to look ancient. He testified that the hieroglyphics on the scarabs appellant sold to Lindstrom made no sense and would not fool any expert. Photographs of the scarabs admitted into evidence, as well as the hieroglyphics on them, show that they were made to appear ancient and Egyptian.

Dr. Winty did indicate that the scarabs were of a kind often seen in the Egyptian tourist trade. He stated that they were not expert forgeries or reproductions but, rather, ones of low quality. This observation must be tempered by the testimony of State's witness Donald R. Otto, executive director of the Fort Worth Museum of Science and History, who bought some of appellant's scarabs believing them to be genuine.

Though the State did not allege nor was it necessary to allege that appellant made the scarabs that were sold to Lindstrom, an underlying assumption of the State's case was that *somebody* made them to appear to have value, because of antiquity, which they did not have. Appellant's conduct in

selling and authenticating items so made was clearly proscribable under V.T.C.A. Penal Code, Sec. 32.22.

Since there were conflicts between the theft statute and the criminal simulation statute both as to elements of proof and penalty provisions and since the penalty provided for was a misdemeanor under the latter statute, appellant should have been charged with criminal simulation. *Williams v. State,* 641 S.W.2d 236 (Tex.Cr.App.1982).

Because an offense under V.T.C.A. Penal Code, Sec. 32.22(b) is a misdemeanor, the district court did not have jurisdiction to try the case.

The judgment is reversed and the indictment is ordered dismissed.

McCORMICK, J., dissents.