**Sandra CHENEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1065–84.**

Court of Criminal Appeals of Texas, En Banc.

June 29, 1988.

support the jury's affirmative answer to special issue number two.

Mark C. Hall, Lubbock, for appellant.

G. Dwayne Pruitt, Criminal Atty., Brownfield, Robert Huttash, State's Atty. and Alfred Walker, First Asst., State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant was convicted of the offense of felony theft under V.T.C.A., Penal Code, Section 31.03 and a jury assessed punishment at five years' confinement. The Amarillo Court of Appeals reversed the conviction holding that, although the evidence would support the theft conviction, there was also sufficient evidence to support a conviction under V.T.C.A., Penal Code, Section 32.32, the "false statement to obtain property or credit" statute. Assuming without analysis that Section 31.03, supra, is a "general" statute and that Section 32.32, supra, is a "special" statute subsumed by Section 31.03, the appeals court in an unpublished opinion observed that "the special statute here, in tandem with the State's theory of prosecution, is more specific than the general theft statute in the three particulars: (1) the victim (a creditor); (2) the property (funds advanced as a loan), and (3) the means of theft (a false or materially misleading written statement).... We ... conclude that appellant was entitled to be prosecuted under the applicable specific statute proscribing the giving of a false written statement to obtain credit ... Because an offense under section 32.32 of the penal code is a misdemeanor, the district court did not have jurisdiction to try the case." *Cheney v. State,* No. 07–83–0029–CR (Tex.App. Amarillo, September 19, 1984), citing *Jones v. State,* 552 S.W.2d 836 (Tex.Cr.App.1977).

We granted the State's petition for discretionary review to determine whether the appeals court erred in holding that appellant should have been prosecuted under Section 32.32, supra. Believing that the appeals court holding was erroneous, we reverse and remand for further review.

Appellant's conviction was upon an indictment which alleged that on or about March 17, 1981, she did unlawfully

"... appropriate corporeal personal property, to wit: lawful United States currency, by acquiring and exercising control over said currency, of the value of $200.00 or more, but less than $10,000.00 Dollars without the effective consent of L.G. Smith, the owner thereof, with intent to deprive said owner of said property...."

V.T.C.A., Penal Code, Section 31.03 (Vernon Supp.1984), in effect at the time of appellant's trial, read in pertinent part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property;

"(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; ...

"(d) An offense under this section is:

"...

"(4) a felony of the third degree if:

"(A) the value of the property stolen is $200 or more but less than $10,000, ..."

As applied to this case, the elements of the offense would be:

(1) a person,

(2) without the effective consent of the owner,

(3) with the intent to deprive the owner of the property,

(4) appropriates the property.

The record shows that appellant purchased various items under an open 90–day account with a furniture store. During this time she obtained a bank loan secured by her execution of a promissory note and security agreement covering the furniture. However, appellant did not use the loan proceeds to pay for the furniture, she failed to repay the loan, her checking account with the bank was closed for insufficient funds, and the bank was unable to enforce its security interest.

In this setting, the appeals court held that another statute more specifically proscribed appellant's conduct. V.T.C.A., Penal Code, Section 32.32, captioned "False Statement to Obtain Property or Credit," provides in part:

"(a) For purposes of this section, 'credit' includes:

"(1) a loan of money;

.  .  .  .  .

"(b) A person comments an offense if he intentionally or knowingly makes a materially false or misleading written statement to obtain property or credit for himself or another.

"(c) An offense under this section is a Class A misdemeanor."

As applied to the facts of this case, the elements of the offense would be:

(1) a person,

(2) intentionally or knowingly makes,

(3) a materially false or misleading statement in writing,

(4) to obtain a loan of money,

(5) for herself.

After setting out the elements of the two statutes implicated in this cause, the appeals court then said:

"If an accused's conduct is proscribed under a general statute and a specific statute, complete within itself, he should be charged under the latter statute. *Ex parte Harrell*, 542 S.W.2d 169, 172–73 (Tex.Cr.App.1976). In resolving whether a specific statute subsumed by the general theft statute should govern a prosecution to the exclusion of the general statute, guidance is afforded by determining whether the specific statute is more particular as to (1) the victim; (2) the property; and (3) the means of theft (fraudulent means, etc.). *Jones v. State*, 552 S.W.2d 836, 837 (Tex.Cr.App.1977).

"Measuring the circumstances of the instant case by the considerations enunciated in *Jones*, we observe that the special statute involved here, in tandem with the State's theory of prosecution, is more specific than the general theft statute in the three particulars: (1) the victim (a creditor); (2) the property (funds advanced as a loan); and (3) the means of theft (a false or materially misleading written statement). In this connection, we notice that our Court of Criminal Appeals, upon an analogous factual setting, applied the *Jones* analysis to conclude that an accused who assertedly had defrauded a bank by subverting to his own use funds which had been assigned by him to the bank as repayment for a loan, was entitled to be tried under the specific 'hindering a secured creditor' penal statute, to the exclusion of the general theft statute. *Williams v. State*, 641 S.W.2d 236 (Tex.Cr.App.1982). *See also Tawfik v. State*, 643 S.W.2d 127, 128–29 (Tex.Cr.App.1982). We likewise conclude that appellant was entitled to be prosecuted under the applicable specific statute proscribing the giving of a false written statement to obtain credit."

The court below assumed that Section 32.32, supra, is a "special" statute "subsumed" within the general subject matter of Section 31.03, supra. The court also assumed that Section 32.32, supra, "in tandem with the State's theory of prosecution," was more specific than the "general" theft statute as to victim, property and means of theft. Although the three-factor analysis found in *Jones* is helpful in construing two statutes generally proscribing the theft or unlawful acquisition of another's property, such analysis was prematurely invoked in this case, apparently because the appeals court assumed the two statutes are in *pari materia* and, therefore, subject to a *Jones* analysis. Before applying the rule and with it the *Jones'* three factor test, it is incumbent upon a

reviewing court when faced with facts like these to first determine whether both statutes are indeed in *pari materia.*

The doctrine of *pari materia* is, simply put, a principle of statutory interpretation. It is a rule courts may use in determining the intent of the Legislature in enacting a particular statute or statutes. In 53 Tex. Jur.2d, Statutes, Section 186, page 280, the doctrine is defined and explained in the following manner:

"It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

"In order to arrive at a proper construction of a statute, and determine the exact legislative intent, all acts and parts of acts in pari materia will, therefore, be taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.

"The purpose of the in pari materia rule of construction is to carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule proceeds on the same supposition that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions. Thus, it applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way. But where a general statute and a more de-tailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling. *And, the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."* (Emphasis added.)

V.T.C.A., Government Code, Section 311.-026 (Code Construction Act),[1] made applicable here under V.T.C.A., Penal Code, Section 105, provides for construing the relationship between general and special statutory provisions, *viz:*

"(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

"(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."

The rule applies with particular force where both a "general" penal statute and a "special" penal statute more specifically proscribing the same particular acts are involved. It is well settled by this Court that, where two statutes are found to be *pari materia*, effort is made to harmonize and give effect to both statutes with the special or more specific statute governing the general statute in the event of any conflict. *Postell v. State,* 693 S.W.2d 462 (Tex.Cr.App.1985); *Garza v. State,* 687 S.W.2d 325 (Tex.Cr.App.1985); *Tawfik v. State,* 643 S.W.2d 127 (Tex.Cr.App.1982); *Williams v. State,* 641 S.W.2d 236 (Tex.Cr. App.1982); *Ex parte Wilkinson,* 641 S.W. 2d 927 (Tex.Cr.App.1982); *Ex parte Holbrook,* 606 S.W.2d 925 (Tex.Cr.App.1980);

---

1. At the time the Court of Appeals handed down their decision, the Code Construction Act was found at Article 5429-2, Section 3.06, V.A.C.S.

Effective September 1, 1985, the Act was placed in the Government Code.

*Valdez v. State*, 553 S.W.2d 110 (Tex.Cr. App.1977); *Jones v. State*, 552 S.W.2d 836 (Tex.Cr.App.1977);[2] *Ex parte McGee*, 552 S.W.2d 850 (Tex.Cr.App.1977); *Ex parte Pribble*, 548 S.W.2d 54 (Tex.Cr.App.1977); *Sarratt v. State*, 543 S.W.2d 391 (Tex.Cr. App.1976); *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976); *Cuellar v. State*, 521 S.W.2d 277 (Tex.Cr.App.1975); *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974); *Thomas v. State*, 129 Tex.Cr.R. 628, 91 S.W.2d 716 (1935).

It is just as clear that if two statutes do not deal with the same subject matter, persons or purpose, they are not in *pari materia* and should each be construed separately and in accordance with the plain wording of the particular statute. See *Wilkenson v. State*, supra; *Christiansen v. State*, 575 S.W.2d 42 (Tex.Cr.App.1979); *Alejos v. State*, 555 S.W.2d 444 (Tex.Cr.App.1977). It follows that before the rule is applied, a threshold determination must be made whether the two statutes in question are indeed in *pari materia*. As a starting point then, the two statutes should be viewed and a determination made whether both provisions cover the same general subject matter or persons, or have so similar a purpose or object that the statutes are indeed in *pari materia*. Should it be determined that the statutes are in *pari materia*, then analysis may properly proceed as to whether one statute more specifically proscribes the particular conduct and sets out the particular punishment, given the nature and elements of the stated offense. In the event the statutes conflict to the extent that the same conduct is treated differently within each statute, as for ex-

ample different punishments prescribed for the same generic offense, the more specific provision controls. On the other hand, if the two statutes are not found to be in *pari materia*, analysis should still focus on whether the statutes may be harmonized or are in irreconcilable conflict with one another. *Ex parte Wilkensen*, supra; *Christiansen v. State*, supra; *Alejos v. State*, supra. Where two provisions not in *pari materia* are at issue, other rules of statutory construction will then dictate which statute controls.

As noted above, this Court has construed a good number of statutes using the doctrine of *pari materia* in cases where the defendant was convicted of theft under Section 31.03 but argued on appeal that the prosecution should have proceeded under a different, more specific "special" provision of the Penal Code. In such cases, where the actor's conduct violates both statutes, a determination of which statute more specifically controls may logically be based upon examination of the statutes in light of *Jones'* "three particulars:" the victim, the property, and the means of theft.[3] A comprehensive provision, complete within itself, that more specifically describes the proscribed conduct under both statutes, will then logically control over the more general provisions containing the same, albeit less specific particulars. *Williams v. State*, supra; *Jones v. State*, supra.

In this context we turn to the penal provisions at issue in the instant case. Section 31.03, supra, while generally described as "the general theft statute," see *Mills v. State*, 722 S.W.2d 411 (Tex.Cr.App.1986);

---

2. Senate Bill 154 (Acts 1977, 65th Leg., p. 637, ch. 235, eff. May 25, 1977), effectively provided that offenses deleted by the amendment to Section 34 of Article 695c (Public Welfare Act) are now chargeable under Section 31.03. *In Ex parte Mangrum*, 564 S.W.2d 751 (Tex.Cr.App. 1978), we noted that the effect of SB 154 is to avoid this Court's ruling in *Jones* and certain other cases. The language in Article 695 included persons who "obtain or attempt to obtain particular property." The Legislature has, in effect, chosen to prescribe a greater punishment for conduct which results in wrongful acquisi-

tion rather than a mere attempt to obtain particular property, in this sense welfare assistance.

3. This is not to suggest that the "3 factors" found in *Jones* are the only factors that can be used to determine specificity. We note that the third factor presupposes that both statutes proscribe unlawful *acquisitive* conduct and not acts which fall short of completed appropriation. *Tawfik* is the anomoly in the pattern and should be reconsidered since the gravamen of the offense under Section 32.22(b), supra, is not acquisition but rather simulation of valuable objects or

*Tawfik v. State*, supra;[4] *Williams v. State*, supra; *Christiansen v. State*, supra; *Jones v. State*, supra, in at least one case has been found to be a general statute as to persons and purpose but a more specific statute as related to punishment. *Garza v. State*, 687 S.W.2d 325 (Tex.Cr.App.1985).

In *Garza*, the defendant argued that he should have been prosecuted under Section 39.01(a)(5), V.A.P.C. (official misconduct), rather than Section 31.03 for the misappropriation of ten thousand dollars. This Court found the defendant could have been prosecuted under either statute but noted that the Practice Commentary to Section 39.01, supra, says that such a taking and misapplication is "covered by the theft chapter with much greater precision." *Garza v. State*, supra. Finding Sections 31.03 and 39.01, supra, to be in *pari materia*, we held that Section 31.03 supra, was the more specific statute under which prosecution should proceed when the property taken is money with a value of $10,000 or more.[5] In another theft case, *Christiansen v. State*, supra, we held that Section 32.41, supra, (issuance of bad check) is not a "special" statute that encompasses all theft by check offenses, although it may under some circumstances be a lesser included offense of theft when the State fails to prove that a defendant *obtained* property or fails to prove the property value. In *Christiansen*, the Court said:

"The key distinction between the offense of theft under V.T.C.A., Penal Code, Sec. 31.03, and the offense of issuance of a bad check under V.T.C.A. Penal Code, Sec. 32.41, is whether the defendant in fact *receives* any property.

Receipt of property and proof of its value are critical elements in the offense of theft. They are, however, not required to prove issuance of a bad check...."[6] (Emphasis added) *Christiansen v. State*, supra.

In *Alejos v. State*, supra, we found that Section 38.04, supra, and Article 6701d, Section 22, V.A.C.S., are not in *pari materia*. Our original opinion held the statutes were in *pari materia* and that one "special" provision controlled one "general" provision since the penalties varied, thereby creating a conflict. On rehearing, however, we properly concluded the provisions covering evading arrest and fleeing to avoid or elude a police officer, while covering the same general subject, "are in different acts having different objects, intended to cover different situations and were apparently not intended to be considered together. The statutes thus are not in *pari materia*." *Alejos v. State*, supra. In making that threshold determination whether statutes need to be construed in light of the rule of in *pari materia*, we listed the identifying or distinguishing factors of subject matter, persons and purpose, and observed:

"As between characteristics of the subject matter with which a statute deals and characterization of its object or purpose, the latter appears to be the more important factor in determining whether different statutes are closely enough related to justify interpreting one in light of another. *For example, it has been held that where the same subject is treated in several acts having different objects the rule of in pari materia does*

---

things with which the perpetrator may incidentally realize a profit.

**4.** As we noted in *Mills v. State*, supra, a question remains whether *Tawfik* would survive under a "forbidden conduct" oriented analysis.

**5.** We do not suggest that it is merely a certain dollar amount which led to the result in *Garza*. We do suggest that in the scheme of legislative intent, Section 31.03 is a more comprehensive statute than Section 39.01 and more specifically covers the proscribed conduct the defendant in that case was accused of perpetrating and the punishment to be assessed. Section 39.01, su-

pra, applies to the unlawful acquisition of *anything* of *any* value belonging to the government. Section 31.03, supra, more specifically sets out elements of proof and punishment. See *Williams v. State*, supra.

**6.** "Value" under Section 31.03, supra, is more properly conceptualized as a jurisdictional element rather than an element of the offense itself. Nevertheless, the requirement that the State prove a certain value of property wrongfully acquired demonstrates a specificity in Section 31.03, supra, not found in Section 32.41, supra.

*not apply. The adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the rule."* Alejos v. State, *supra,* quoting from C. Dallas Sands, Sutherland Statutory Construction, Volume 2A, Section 51.03, page 298, and Supplement, page 28 (1973). (Emphasis in original opinion).

In the instant case, the State argues that the Court of Appeals erred in holding Section 32.32, supra, to be a special statute controlling and providing an exception to Section 31.03, supra. We agree. Determination of the threshold issue shows that the subject matter of Section 31.03, supra, deals with the completed unlawful acquisition of property while the subject matter of Section 32.32, supra, covers the deceptive making of a false statement to obtain property. Both statutes can conceivably cover the same general class of persons and property. In object or purpose, however, a clear and marked difference exists between the two provisions. Section 32.32, supra, by its own language, proscribes the making of written false or misleading statements to obtain property or credit. It is the act of *making* such statements that is the gravamen of the offense, while actual acquisition of property or credit is not a required element of the offense. On the other hand, the purpose or object of Section 31.03, supra, is to proscribe conduct resulting in the *actual acquisition* of property by unlawful means, in this case by false pretext. Seen another way, while both Section 31.03, supra, and Section 32.32, supra, require use of deception under the facts of this case, the deceptive conduct takes different forms. In *Mills v. State,* supra, this Court compared Section 31.03, supra, with Section 32.46, supra, "Securing Execution of a Document by Deception," and held that each provision was a distinct and separate statute not amenable to a general-special statutory construction under the doctrine of *pari materia.* We said:

"It is in the use of deception that the point of intersection between Secs. 31.03 and 32.46, both supra, occurs. When relevant at all in a prosecution for theft, however, 'deception' goes to 'circumstances surrounding the conduct' of the accused, in that deception operates to render otherwise apparent consent 'ineffective.' Sec. 31.01(4)(A), supra. That the accused consciously acted to perpetrate the deception in order to obtain that consent only serves to prove his knowledge that it was, in fact, ineffective. But the deception is not of itself 'forbidden conduct' under Sec. 31.03, supra.

"By contrast, in Sec. 32.46, supra, the 'forbidden conduct' *is* deception. * * * [T]here is simply no requirement that the property be 'appropriated' for the offense to occur. Sec. 32.46, supra, was intended to proscribe conduct that is deceptive, not acquisitive." (Emphasis in original opinion). *Mills v. State,* supra.

A similar analogy may be drawn in the instant case. In Section 31.03, supra, the deception in theft by false pretext goes to "circumstances surrounding the conduct" of the accused so as to render consent to the particular appropriation of property ineffective. The false pretext is the method of proving ineffective consent to the appropriation of property, but the false or misleading statement vitiating effective consent is not the "forbidden conduct" under Section 31.03, supra.

By contrast, the "forbidden conduct" in Section 32.32, supra, is the intentional or knowing *making* of a materially false or misleading statement to obtain property or credit. The offense is complete once the written, deceptive statement relevant to obtaining property or credit is made, even if the perpetrator is not successful in obtaining the property or credit as a result of his written deception.

The Practice Commentary to Section 32.-32, supra, supports the basic distinction between the two statutes. It states, in part:

"The offense may be committed by making a statement about oneself or about another. There is no requirement that the statement be given directly to the prospective creditor. Thus, a statement to a financial reporting agency or to a credit rating agency would be cover-

ed if shown to be for the purpose of obtaining credit or property. *It is not an element of the offense that the property or credit be obtained; if it is obtained there may be theft under Chapter 31."* (Emphasis added).

The distinction between Sections 31.03 and 32.32, supra, is further supported by comparing the precursor to Section 32.32, supra, old penal code Article 1546a. Under Article 1546a, the "forbidden conduct" included both the making of materially false or misleading written statements to obtain property or credit and the making of such statements where property or credit was actually obtained. See Penal Code Article 1546a (Vernon's 1953) (Acts 1925, 39th Leg. Ch. 168, p. 383, sec. 1.) Enactment of Section 32.32, supra, in its present form lends credence to the proposition outlined in the Practice Commentary to Section 32.-32, supra, that where property is obtained, there may be theft under Section 31.03, supra, where the State is able to prove up the elements of the latter offense. The legislative intent to provide for two separate offenses with different elements and levels of punishment appears clear. A matter not included within a penal statute —in this case the actual appropriation of credit—should not by judicial construction be read into the statute because in so doing the judiciary would usurp the functions of the Legislature. The legislative intent should be ascertained from the words of the act itself. *Thomas v. State*, supra. This Court would be remiss to read into Section 32.32, supra, that unlawful acquisitive conduct already proscribed under Section 31.03, supra.

Accordingly, we hold that Section 31.03 and Section 32.32, supra, are two different legislative acts having different elements of proof, different penalties and obviously designed to serve different purposes and objectives. *Alejos v. State*, supra. Section 32.32, supra, proscribes the intentional or knowing making of materially false or deceptively misleading statements in order to obtain property or credit, while Section 31.-

03, supra, contemplates the actual wrongful appropriation of property. The key distinction between the offense of theft under V.T.C.A., Penal Code, Section 31.03, and the offense of making a false statement to obtain property or credit under Section 32.-32, supra, is whether the perpetrator in fact receives any property. Receipt of property and proof of its value are critical factors in the offense of theft but are not factors required to prove an offense under Section 32.32, supra. See *Christiansen v. State*, supra. Sections 31.03 and 32.32, supra, are not in *pari materia*. It follows that Section 32.32 is not a "special" statute that encompasses *all* theft by false pretext type offenses. See and cf. *Jones v. States*, supra, with *Alejos v. State*, supra. However, Section 32.32 may under some circumstances be a lesser included offense of theft when the State fails to prove that a defendant obtained property or fails to prove the value of such property.[7] See *Christiansen v. State*, supra.

We do not disturb the finding by the appeals court that the evidence is sufficient to show appellant unlawfully obtained credit on the basis of her false or deceptively misleading statements to the bank. However, it is the holding of this Court that Sections 31.03 and 32.32, both supra, are not in *pari materia* but are separate statutes under which appellant could have been originally prosecuted. We further find that no irreconcilable conflict exists between the two statutes and that the legislative intent to provide different penalties for the range of culpable conduct proscribed by Sections 32.32 and 31.03, both supra, is clear and unambiguous. In the context of both statutes, common sense underscores the Legislature's intent to provide a greater penalty for the actual unlawful appropriation of property as compared to the mere making of deceptive or materially false statements as a preliminary act to obtaining such property.

We therefore reverse the decision of the Court of Appeals as to the propriety of appellant's conviction under Section 31.03,

---

7. Clearly, an *oral* statement would fall outside the provision. In such a case, evidentiary ques-
tions aside, Section 32.32 would *not* be a lesser included offense of theft.

supra, and remand the case to that court for disposition of appellant's remaining points of error.

TEAGUE, J., dissents, believing that Chief Justice REYNOLDS' opinion for the Amarillo Court of Appeals correctly decided the issue, and would put this Court's improvidently granted stamp to the State's petition for discretionary review.

DUNCAN, J., not participating.

CLINTON, Judge, concurring.

The opinion of the Court is correct in concluding that where the "act" part of "conduct" is acquisitive in nature §§ 31.03 (theft) and 32.32 (false statement) are not in *pari materia:* because the latter offense does not require actual acquisition at all, it is not merely a "specific instance" of unlawful acquisitive conduct denounced in the former.

In this connection, the Court relies rather heavily on *Mills v. State,* 722 S.W.2d 411 (Tex.Cr.App.1986). Having written the opinion in that cause, I have reflected on the manner in which the Court now analogizes from the excerpt at page 5, Slip Opinion, and I believe that in *Mills* instead of what was said, we could have stated certain particulars in our analysis more precisely, *viz:*

"... When relevant at all in a prosecution for theft, however, 'deception' goes to 'nature of conduct' and operates to render otherwise apparent consent 'ineffective,' thereby creating a 'circumstance surrounding the conduct.' Sec. 31.-01(4)(A), supra.... But the deception is not in itself the ultimate 'forbidden conduct' under Sec. 31.03, supra.

By contrast, in Sec. 32.46, supra, the 'nature of conduct' is 'deception' with intent to defraud or harm any person, and as such the offense is complete when it 'causes another' to sign or execute any prescribed document.  * * * "

Accordingly, in my reflective view, "similar analogy" drawn by the Court in the instant cause would more accurately read:

"... In Section 31.03, supra, the deception in theft by false pretext, while going to 'nature of conduct,' becomes part and parcel of 'circumstances surrounding the conduct' of the accused so as to render consent to the particular appropriation of property ineffective and to provide his knowledge that it was, in fact, ineffective. The false pretext is the method of proving ineffective consent to the appropriation of property, but the false or misleading statement vitiating effective consent is not the ultimate 'forbidden conduct' under Section 31.03.

By contrast, the 'nature of conduct' in Section 32.32, supra, is intentionally or knowingly making a materially false or misleading written statement, and when made to obtain property or credit becomes the ultimate 'forbidden conduct.' In other words, the offense is complete once the written, deceptive statement relevant to obtaining property or credit is made, even if the perpetrator is not successful in obtaining the property or credit as a result of his written deception. That the 'nature of conduct' in Section 32.32 may be similar to that which contributes to 'circumstances surrounding the conduct' in Section 31.03 does not make them in *pari materia* because in the latter property must be actually 'acquired.' "

With those observations and suggestions, I join the judgment of the Court.