**James Roger STEPTOE aka James Robert Steptoe, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–88–1080–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 1989.

S. Elwood York, Jr., Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant James Roger Steptoe aka James Robert Steptoe sold an undercover Houston police officer four damaged television sets which he represented as new and in good working condition. As soon as the officer handed appellant four hundred dollars in exchange for the sets, police arrested appellant, and he was charged with theft. A jury convicted him, and the trial court assessed punishment at eight years' confinement in the Texas Department of Corrections. In his sole point of error, appellant contends the trial court erred in refusing to submit a jury charge on the offense of criminal simulation because criminal simulation is a specific statute in pari materia with the general theft statute. Appellant contends that due process would require the State to prosecute appellant under criminal simulation, which more specifically applies to appellant's conduct and which provides for a lesser range of punishment. TEX.PENAL CODE ANN. § 1.05 (VERNON SUPP.1989); TEX.GOV'T CODE ANN. § 311.026(b) (Vernon 1988). Although appellant directs his point of error at the trial court's failure to charge the jury on the offense of criminal simulation, we perceive the true thrust of his attack is that the State should have charged him with criminal simulation in the indictment or information. While his approach is somewhat confusing, we will regard his appeal as contending that he was improperly charged. We affirm the judgment of the trial court.

Appellant approached Houston Police Officer E.T. Benson outside a gasoline station and offered to sell him what he described as a new Sony Trinitron television for one

hundred fifty dollars. Appellant showed the officer a television, wrapped in plastic with Sony papers attached, in the trunk of appellant's car. Officer Benson said he did not have enough money with him, and he asked appellant to take his beeper number and call him when he obtained additional televisions.

Approximately one week later, appellant called the officer several times and offered to sell him four televisions for a total of four hundred dollars. They met on the outskirts of town, where appellant again assured the officer the televisions were new. When Officer Benson handed him the money, a police surveillance team moved in, arresting appellant.

Police inspected the televisions and found them to be old junk sets with antennas broken off, knobs missing, and picture tubes replaced with bricks to make them heavy. Packages of "three by five" cards were disguised as remote controls, and color brochures were used to simulate warranty papers and owners' manuals.

Appellant contends that he is accused of packaging the junk televisions as new sets and selling the altered objects with intent to defraud, thus the trial court should have submitted a jury charge on criminal simulation or the State should have charged him with criminal simulation. The criminal simulation statute provides in pertinent part:

> (a) A person commits an offense if, with intent to defraud or harm another:
>> (1) he makes or alters an object, in whole or in part, so that it appears to have value because of age, antiquity, rarity, source, or authorship that it does not have;
>> (2) he sells, passes, or otherwise utters an object so made or altered; . . .
> (b) an offense under this section is a Class A misdemeanor. TEX.PENAL CODE ANN. § 32.22 (Vernon 1989).

Instead, the State charged appellant under the general theft statute which provides in pertinent part:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

> (b) Appropriation of property is unlawful if:
>> (1) it is without the owner's effective consent[.]
> TEX.PENAL CODE ANN. § 31.01 (Vernon 1989).

Appellant's two previous theft convictions elevated this offense to a third-degree felony. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(C).

In *Tawfik v. State*, the Court of Criminal Appeals held that a defendant who was convicted under a general theft statute for selling scarabs, claiming they were genuine artifacts of ancient Egypt when they were not, should have been charged with criminal simulation. *Tawfik*, 643 S.W.2d 127 (Tex.Crim.App.1983). Finding the theft and criminal simulation statutes in pari materia, the Court of Criminal Appeals reversed the conviction, and ordered the case dismissed. *Id.*

However, in the footnote of a later case, Justice Clinton stated that *Tawfik* "should be overruled" because "[b]oth statutes are general, neither representing a specific instance of commission of the other." *Mills v. State*, 722 S.W.2d 411, 416 n. 3 (Tex. Crim.App.1986). Although the criminal simulation prohibition proscribes the *sale* of objects altered under its terms, the court said this does not mean its "forbidden conduct" is acquisitive, as is the conduct which the theft statute prohibits. "[I]t is the guarantee of authenticity implicit in the act of selling that completes the offense, not the fact that something is obtained in return." *Id.*

In *Mills*, the court found that the theft statute and Tex.Penal Code Ann. § 32.46 (Vernon 1989), which criminalizes deception that causes the execution of a document affecting property, were not in pari materia because the gravamen of theft is penalization of acquisitive conduct while the forbidden conduct of Section 32.46 *is* deception. *Id.* at 415.

We apply the reasoning articulated in *Mills* to the instant case. Appellant committed the offense of criminal simulation when, with intent to defraud, he altered

four damaged televisions so that they would appear to be new, name-brand sets. Later, he violated the general theft statute when he appropriated four hundred dollars from the Officer in exchange for the televisions because the Officer's consent, induced by deception, was ineffective. TEX. PENAL CODE ANN. § 31.01(4)(A) (Vernon 1989). Following the Court of Criminal Appeals' analysis in *Mills*, we hold that the two statutes are not in pari materia since the "forbidden conduct" of the former offense is deception while the "forbidden conduct" of the latter offense is acquisitive. Therefore, the State properly exercised its option as to which offense it elected to prosecute.

We affirm the judgment of the trial court.