Hightower v. First Waco NB 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-232-CV

        JAMES E. HIGHTOWER,
                                                                                       Appellant
        v.

        FIRST WACO NATIONAL BANK, ET AL,
                                                                                       Appellees
 

 From the 74th District Court
McLennan County, Texas
Trial Court # 90-4379-3
                                                                                                                
                                                                     
MEMORANDUM OPINION
                                                                                                     

          Appellant appeals an October 21, 1991, summary judgment granted in favor of the First
Waco National Bank and John Hawes, Individually. The transcript was timely filed in this court
on December 17. To date, no brief has been filed on Appellant's behalf and no reasonable
explanation has been shown for such failure.
          The appeal is dismissed for want of prosecution. See Tex. R. App. P. 74(l)(1).

                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Dismissed
Opinion delivered and filed March 4, 1992
Do not publish 



uld best serve the
ends of justice.
 
Code of Criminal Procedure Article 42.12. Procedures Relating to State Jail Felony
Community Supervision.
 
Sec. 15(a). On conviction of a State Jail Felony punished under Section 12.35(a),
Penal Code, the Judge shall suspend the imposition of confinement and place the
defendant on Community supervision unless the defendant has previously been
convicted of a felony, in which event the Judge may suspend the imposition of
the sentence and place the defendant on community supervision, or may order the
sentence to be executed.
 
      Specifically, Appellant argues that according to the mandatory language of Article 42.12, Sec.
15(a), Code of Criminal Procedure, the trial court may not sentence a defendant to one year in jail
pursuant to Section 12.44(a) of the Penal Code, but must give him probation.
      Article 42.12, Sec. 15(a), Code of Criminal Procedure and Article 12.44(a) of the Penal Code
do not pertain to the same class of persons.
      Article 42.12, Sec. 15(a), Code of Criminal Procedure, provides generally for the punishment
of a defendant convicted of a state jail felony under Article 12.35(a) of the Penal Code.
      Section 12.44(a) of the Penal Code provides an alternate method of sentencing to follow for
a described class of persons: 
. . . if, after considering the gravity and circumstances of the felony committed
and the history, character, and rehabilitative needs of the defendant, the court
finds that such punishment would best serve the ends of justice.
 
      Here, the trial court, after considering the elements listed above, determined that the ends of
justice would best be served by sentencing the defendant under Section 12.44(a), and then sentenced
him to one year in jail.
      No abuse of discretion by the trial court is shown. Moreover, where two statutes, as here, deal
with different situations or with a different class of persons, each statute will be construed
separately, each in accordance with the plain meaning of that particular statute. Cheney v. State,
755 S.W.2d 123, 126 (Tex. Crim. App. 1998); State v. Mancuso, 919 S.W.2d 86, 91 (Tex. Crim.
App. 1996); State v. Thompson, State v. Perry, 912 S.W.2d 244 (Tex. App.—Houston [14th Dist.]
1995, no writ). Thus Penal Code Sec. 12.44(a) was properly used by the trial court in sentencing
Appellant.
      Point one is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 17, 1997
Do not publish