IN THE COURT OF APPEALS

FILED

December 6, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

ARDIS MOBILE HOME PARK,      )   TENNESSEE CLAIMS COMMISSION
                             )   C. A. NO.  03A01-9505-BC-00157
                             )
        Plaintiff-Appellant  )
                             )
                             )
                             )
                             )
                             )
vs.                          )   HON. MICHAEL S. LACY
                             )   COMMISSIONER
                             )
                             )
                             )
                             )
                             )
STATE OF TENNESSEE,          )   REVERSED AND REMANDED
                             )
        Defendant-Appellee   )


HARRY BERKE, Berke, Berke & Berke, Chattanooga, for appellant.


CHARLES W. BURSON, Attorney General and Reporter and DAVID T. WHITFIELD, Senior Counsel, Nashville, for appellee.


O P I N I O N


McMurray, J.

This is an appeal from a decision of the Tennessee Claims Commission wherein the commissioner determined that the occurrences at issue constituted a taking of property by the State of Tennessee rather than a nuisance. The commissioner concluded that the exclusive remedy for a taking is an inverse condemnation action pursuant to T.C.A. § 29-16-123. Since actions predicated on inverse condemnation are outside the scope of the jurisdiction of the Claims Commission, the commissioner dismissed the claim. This appeal resulted. We reverse the judgment of the commissioner.

The salient facts case are not in dispute. Ardis Mobile Home Park is located on property adjacent to State Highway 29. As the State began nearing completion of this highway project in 1988, Mr. Vernon Ardis, the owner of the property, noticed that during periods of rainfall, portions of his property would flood.[1] As soon as he became aware of the problem, he contacted the appropriate state officials. Mr. Ardis and the highway officials cooperated in an attempt to alleviate the problem but were unsuccessful.

It appeared that the construction of the highway had changed the natural drainage pattern of the area so that while less water drained onto Mr. Ardis' land, the velocity was increased.

---

[1]Mr. Ardis died during the pendency of this action. His widow, Mrs. Ethel Ardis, is maintaining the action.

The area of Mr. Ardis' property subjected to flooding contained a septic system operating for the benefit of an adjacent mobile home park and a service station. When the flooding began, Mr. Ardis began experiencing problems with the septic system. Mr. Ardis, in cooperation with the Health Department, kept the septic system problems under control until a permanent remedy could be found. Mr. Ardis and two other landowners in the area pooled funds to have county sewer services extended to the area.

When the highway personnel were unable to solve the flooding problem, Mr. Ardis timely filed a claim with the Division of Claims Administration of Tennessee pursuant to T.C.A. §9-8-401, et seq. The claim was referred to the claims commissioner. In April, 1993, a hearing was held and extensive testimony was taken.

In May, 1995, the commissioner filed his opinion. The commissioner found, under the authority of Burchfield v. State, 774 S.W.2d 178 (Tenn. App. 1988), that the problems complained of amount to a taking, that the proper avenue of relief would be an action in inverse condemnation, and that the claims commission had no jurisdiction over inverse condemnation actions. The commissioner then dismissed the claim. This appeal resulted.

3

Mrs. Ardis has presented several issues on appeal, however, we feel that they can be combined and more succinctly stated: Did the commissioner err in determining that the exclusive remedy under these facts was an action in inverse condemnation?

Our review of this case is de novo upon the record with a presumption of correctness of the findings of fact by the commissioner. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Sanders v. State, 783 S.W.2d 948 (Tenn. App. 1989); Rule 13(d), Tennessee Rules of Appellate Procedure. No such presumption attaches to conclusions of law. See Adams v. Dean Roofing Co., 715 S.W.2d 341, 343 (Tenn. App. 1986).

The commissioner and the state rely upon Burchfield, supra. In Burchfield, Judge Goddard, speaking for the court, discussed a multitude of cases bearing on the subject at hand, both pro and con, and in conclusion stated as follows:

> Upon consideration of all the cases, we conclude that whether a taking has occurred depends on the facts of each case, specifically, the nature, extent and duration of the intrusion.
>
> As already noted, we believe the facts of this case more nearly parallel the cases where a taking has been held to occur than those where it has not, and consequently find as to this issue in favor of the State.

Burchfield, at page 183.

4

As pointed out in Burchfield, however, The Tennessee Claims Commission Act, codified at T.C.A. § 9-8-101, et seq., was enacted in 1984 and specifically included the word "nuisance" as falling within the jurisdiction of the claims commission. The conditions complained of in Burchfield predated the enactment of The Tennessee Claims Commission Act, therefore, the act had no effect on Burchfield.

T.C.A. § 9-8-307 provides in pertinent part as follows:

**9-8-307. Jurisdiction — Claims — Waiver of actions — Standard for tort liability — Damages — Immunities — Definitions — Transfer of claims.** — (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories

(A) . . .;

(B) Nuisances created or maintained;

         *      *      *      *

The law is well-settled in this jurisdiction that if the owner of higher lands alters the natural condition of his property so that surface water collects and pours in concentrated form or in unnatural quantities upon lower lands, he will be responsible for all damages caused thereby to the possessor of the lower lands.

5

See Slatten v. Mitchell, 124 S.W.2d 310 (Tenn. App. 1938). It is equally well-settled that a wrongful interference with the natural drainage of surface water causing injury to an adjoining landowner constitutes an actionable nuisance. Dixon, et al. v. City of Nashville, 203 S.W.2d 178 (Tenn. App. 1946) Also, a nuisance is anything which annoys or disturbs the free use of one's property, or which renders its ordinary use or physical occupation uncomfortable. See Caldwell v. Knox Concrete Products, Inc., 391 S.W.2d 5 (Tenn. App. 1964). Generally, a nuisance does not depend upon negligence although negligence may exist. The nuisance consists of the harmful effects or the danger of the thing. (citations omitted.) Zollinger v. Carter, 837 S.W.2d 613 (Tenn. App. 1992).

We are satisfied that under the facts of this case, the actions of the state in changing the natural flow of water onto the Ardis property constitutes a nuisance for which a monetary claim may be maintained and that under the law now prevailing the commission or commissioner has express jurisdiction for claims sounding in nuisance. Inverse condemnation is not the exclusive remedy.

We reverse the judgment of the claims commissioner dismissing the action for lack of jurisdiction. We remand the cause to the

6

claims commissioner for such other and further action as may be necessary to conclude this action.

_____
Don T. McMurray, J.

CONCUR:

_____
Herschel P. Franks, J.

_____
Charles D. Susano, Jr., J.

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| ARDIS MOBILE HOME PARK, | ) | TENNESSEE CLAIMS COMMISSION |
| | ) | C. A. NO. 03A01-9505-BC-00157 |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. MICHAEL S. LACY |
| | ) | COMMISSIONER |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | REVERSED AND REMANDED |
| | ) | |
| Defendant-Appellee | ) | |

**ORDER**

This appeal came on to be heard upon the record from the claims commission, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was reversible error below.

We reverse the judgment of the claims commissioner dismissing the action for lack of jurisdiction. We remand the cause to the claims commissioner for such other and further action as may be necessary to conclude this action.

PER  CURI AM