In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00011-CV
______________________________


Â 
Â 
IN THE INTEREST OF D. L. D. AND K. E. D., MINOR CHILDREN
Â 
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 247th Judicial District Court
Harris County, Texas
Trial Court No. 001145980


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Caroline Simien, appellant, has filed a motion seeking to dismiss her appeal. Pursuant to
Tex. R. App. P. 42.1, her motion is granted.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Â 
Date Submitted:Â Â Â Â Â Â Â Â Â Â April 12, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â April 13, 2005




 Supreme Court transferred her appeal to this Court pursuant to the Texas
Supreme Court's docket equalization program. See Tex. Gov't Code Ann. §Â 73.001 (Vernon 2005). 
Fernandez now reiterates her contention that she should have been prosecuted only under Section
22.10 because that statute is narrower and is in pari materia with Section 22.041.


II. The Doctrine of In Pari Materia

 Literally translated, the Latin phrase in pari materia means "on the same subject." Black's
Law Dictionary 807 (8th ed. 2004). The doctrine of in pari materia is a rule of statutory
construction providing "that statutes that are in pari materia may be construed together, so that
inconsistencies in one statute may be resolved by looking at another statute on the same subject." 
Id. The Texas Court of Criminal Appeals has recently described the doctrine of in pari materia:

 It is a settled rule of statutory interpretation that statutes that deal with the
same general subject, have the same general purpose, or relate to the same person or
thing or class of persons or things, are considered to be in pari materia though they
contain no reference to one another, and though they were passed at different times
or at different sessions of the legislature.


Azeez v. State, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008).

 The Texas Legislature has effectively codified the doctrine of in pari materia through its
enactment of the Code Construction Act. See Tex. Gov't Code Ann. Â§ 311.026 (Vernon 2005).

 In the criminal law context, this canon of statutory construction is usually called upon when
there are two laws that ostensibly criminalize the same conduct, but where one statute addresses a
subject in comprehensive terms and where the other statute provides a more specific set of
circumstances under which conduct is punishable. Lomax v. State, 233 S.W.3d 302, 312 (Tex. Crim.
App. 2007) (citing Alejos v. State, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (op.Â on reh'g)). 
Litigants typically invoke the doctrine when those two statutes provide differing punishments. See,
e.g., Tawfik v. State, 643 S.W.2d 127, 129 (Tex. Crim. App. 1982) (criminal simulation vs. theft);
Williams v. State, 641 S.W.2d 236, 239 (Tex. Crim. App. 1982) (hindering secured creditor vs.
theft); Jones v. State, 552 S.W.2d 836 (Tex. Crim. App. 1976) (welfare fraud vs. theft); Ex parte
Pribble, 548 S.W.2d 54 (Tex. Crim. App. 1977) (post-conviction habeas concerning possession of
forged instrument vs. forgery); Ex parte Harrell, 542 S.W.2d 169 (Tex. Crim. App. 1976)
(possession of criminal instrument vs. possession of forged instrument). Historically, the State has
opted to prosecute the accused under the statute that provides a higher punishment range, with the
accused preferring to be prosecuted under the statute that carries a lesser potential punishment range.

 In Texas, "a defendant has a due process right to be prosecuted under a 'special' statute that
is in pari materia with a broader statute when these statutes irreconcilably conflict." ExÂ parte Smith,
185 S.W.3d 887, 893 (Tex. Crim. App. 2006). If a conflict exists between a general statute and a
more specific statute, the more specific statute shall govern the situation unless the general provision
is the later enactment and the Legislature has manifested its intent that the general provision shall
govern. Tex. Gov't Code Ann. Â§ 311.026(b). But the rule of inÂ pari materia is not applicable to
enactments that cover different situations and that were apparently not intended to be considered
together. Cheney v. State, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988).

 In Azeez, the appellant was convicted of failing to appear in court under Section 38.10 of the
Texas Penal Code. The offense underlying that prosecution was Azeez's receipt of, and failure to
attend to the consequences of, a speeding ticket. The Azeez court noted that the prosecution's
charging instrument specifically tracked the language in Section 38.10. The trial court's jury charge
likewise tracked the language of Section 38.10. Meanwhile, Azeez had repeatedly argued--without
success--that he should have been prosecuted under a similar, yet more specific, provision found
in Section 543.009 of the Texas Transportation Code. Id. at 184-86.

 The Texas Court of Criminal Appeals reversed Azeez's Section 38.10 conviction. In so
doing, the court found that Section 543.009(b) (failing to appear for a traffic offense) was a more
narrowly hewn offense than that set out in Section 38.10 of the Texas Penal Code (failure to appear
after release from custody), was a complete crime within itself, and would otherwise meet every
element (and hence be punishable under) the Texas Penal Code provision. The court also considered
the purposes of both statutes and the Legislature's manifested policy that a failure to appear violation
based on a traffic infraction should carry a lesser punishment. Id. at 192-93.

III. Are Sections 22.041 and 22.10 In Pari Materia?

 A. Narrowly hewn offense

 The child abandonment statute provides, "A person commits an offense if, having custody,
care, or control of a child younger than 15 years, he intentionally abandons the child in any place
under circumstances that expose the child to an unreasonable risk of harm." Tex. Penal Code Ann.
Â§ 22.041(b). The other statute at issue in this case provides, "A person commits an offense if he
intentionally or knowingly leaves a child in a motor vehicle for longer than five minutes, knowing
that the child is (1) younger than seven years of age; and (2) not attended by an individual in the
vehicle who is 14 years of age or older." Tex. Penal Code Ann. Â§ 22.10(a). The former statute is
a state jail felony. Tex. Penal Code Ann. Â§Â 22.041(d)(1). The latter is a Class C misdemeanor. 
Tex. Penal Code Ann. Â§Â 22.10(b). 

 In a child abandonment case, the State must bring forth evidence to prove the following
elements of that offense:

(1) a person having custody, care, or control of a child younger than 15 

(2) intentionally abandons the child 

(3) in any place and under circumstances that expose the child to an unreasonable
risk of harm.


Tex. Penal Code Ann. Â§ 22.041(b).

 To meet its burden of proof in a prosecution for leaving a child in a vehicle, the State must
bring forth evidence of the following:

(1) a person intentionally or knowingly leaves a child in a motor vehicle longer than
five minutes

(2) the child is younger than seven years of age

(3) not attended by a person 14 years of age or older.


Tex. Penal Code Ann. Â§ 22.10.

 In Azeez, the Texas Court of Criminal Appeals held that for statutes to be in pari materia,
one must have two statutes: The first being a broadly defined offense and the second a more
narrowly hewn offense, complete within itself, that proscribes conduct otherwise meeting every
element of (and being punishable under) the broader provision. 248 S.W.3d at 192. The Texas
Court of Criminal Appeals has also stated, "It is just as clear that if two statutes do not deal with the
same subject matter, persons or purpose, they are not in pari materia and should each be construed
separately and in accordance with the plain wording of the particular statute." Cheney, 755 S.W.2d
at 127 (citing Ex parte Wilkinson, 641 S.W.2d 927, 932 (Tex. Crim. App. 1982); Christiansen v.
State, 575 S.W.2d 42 (Tex. Crim. App. 1979); Alejos v. State, 555 S.W.2d 444 (Tex. Crim. App.
1977)). 

 We conclude these statutes do not meet these requirements for a finding of in pari materia.

 Section 22.041(b) can only be violated by a person having custody, care, or control of a child. 
In contrast, the offense of leaving a child in a vehicle (22.10) may be committed by anyone. Merely
leaving a child, under seven years old, in a vehicle for more than five minutes without supervision
by one over fourteen years old is a violation of the statute. In this regard, Section 22.10 has broader
application than does Section 22.041. 

 We also note that the Texas Court of Criminal Appeals has recently explained that the
definition of care, custody, and control found in another statute within Chapter 22 of the Texas Penal
Code has a very limited application. Similar "custody, care, or control" language that appears in
Section 22.041, one of the statutes at issue in this appeal, is found in that statute's immediate
categorical predecessor: Section 22.04. According to the Texas Court of Criminal Appeals, Section
22.04's use of the terms "care, custody, or control" is limited to situations in which a reasonable
person would assume the actor has accepted responsibility for the protection, food, shelter, and
medical care of the person. Hicks v. State, 241 S.W.3d 543, 546 (Tex. Crim. App. 2007)
(interpreting Section 22.04(d)). If we applied this restrictive definition of "care, custody, or control"
from Section 22.04 to Section 22.041's use of the same language, the result would be that Section
22.041 would apply to very few persons. See Rey v. State, 238 S.W.3d 840, 841 (Tex.
App.--Amarillo 2007, pet. granted). But, even if a broader concept of "care, custody, and control"
were applicable in this instance, Section 22.041(b) would still pertain to a restricted number of
persons, whereas Section 22.10 could apply to any "person." For instance, since there is no custody
requirement, nothing in Section 22.10 prevents the prosecution of a passenger in a vehicle who
intentionally leaves a child in a motor vehicle without supervision. That same passenger, without
care, custody, and control of the child, could never be prosecuted under Section 22.041(b).

 This analysis leads us to the conclusion that the two statutes do not necessarily apply to the
same persons or class of persons. Further, the same rationale brings us to the conclusion that in this
respect Section 22.10 is not a narrower statute, but is a broader statute, having application in many
more instances than does Section 22.041(b). 

 B. Does not meet every element of the broader statute

 Another requirement to establish in pari materia is that the conduct in the narrower statute
must otherwise meet every element of and be punishable under the broader provision. Azeez, 248
S.W.3d at 192. 

 Here, the two statutes differ in significant ways. Section 22.10 does not require that any harm
or even potential harm be shown, yet Section 22.041(b) requires proof that a person left a child in
any place without providing reasonable and necessary care under circumstances that expose the child
to an unreasonable risk of harm. Since Section 22.10 does not require the elements of custody,
abandonment, or exposure to harm--all elements of Section 22.041(b)--a violation of Section 22.10
not containing facts proving those elements would not be punishable under Section 22.041(b).

 C. These statutes cover different situations not intended to be considered together

 Additionally, as noted above, the Texas Court of Criminal Appeals has held that in pari
materia "applies where one statute deals with a subject in comprehensive terms and another deals
with a portion of the same subject in a more definite way." Lomax, 233 S.W.3d at 312 (citing Alejos,
555 S.W.2d at 450). The rule is not applicable to enactments that cover different situations and were
apparently not intended to be considered together. Id. In Lomax, the court considered whether the
offenses of felony murder and intoxication manslaughter were in pari materia. The court found the
felony-murder statute covered a variety of homicides during the commission of a felony while the
intoxication manslaughter is specifically limited to a DWI homicide. Id. The Texas Court of
Criminal Appeals found these distinctions in the two statutes precluded the statutes from being in
pari materia. 

 Likewise, here, the two statutes cover different situations. As stated, Section 22.041(b) could
cover an unlimited set of facts where it is shown that a child has been abandoned, whereas Section
22.10 only applies to leaving a child in a vehicle. Section 22.10 may be violated in a space of just
over five minutes, whereas Section 22.041(b) mandates the abandonment be under circumstances
when no reasonable, similarly situated adult would leave a child. Section 22.041(b) requires that the
child be exposed to an unreasonable risk of harm, but Section 22.10 requires no finding of harm or
danger to the child. While a situation could arise where both statutes might apply, we conclude, as
did the Lomax court, that the statutes at issue here were intended to cover a wide variety of different
situations and therefore were not designed to be construed together as one. 

 For all of the above reasons, we conclude the two statutes are not in pari materia and affirm
the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: September 10, 2008

Date Decided: October 3, 2008


Publish
1. The Court notes that the indictment and judgment, as well as other documents filed in the
trial court, spell the appellant's name "Brittany." However, she signs her name "Brittney." We will
use the spelling as signed by the appellant.