**Ex parte John Michael PRIBBLE.**

**No. 53934.**

Court of Criminal Appeals of Texas.

March 16, 1977.

———·———

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post-conviction habeas corpus proceeding brought under the provisions of Art. 11.07, Vernon's Ann.C.C.P., in which appellant challenges two convictions, Cause Nos. F–75–548–JI and F–75–4722–KI, in the Criminal District Court No. 2 of Dallas County. The convicting court has recommended that relief be granted and we agree.

On May 12, 1975, the petitioner was convicted by virtue of two indictments, each charging the offense of unlawfully, knowingly, and intentionally possessing a criminal instrument; namely, a forged prescription, with intent to use it in the commission of obtaining possession of a controlled substance. The offenses were alleged to have occurred on or about December 31, 1974, and on or about March 28, 1975. The convictions resulted from guilty pleas, and punishment was assessed at imprisonment for four (4) years in each case; however, the imposition of sentence in each case was suspended and appellant was placed on probation. No appeals were taken.

The disposition of this case is governed by *Ex Parte Harrell*, 542 S.W.2d 169 (Tex.Cr.

App.1976). The petitioner there was charged with the identical offenses as is the petitioner in the instant case. There we held that V.T.C.A., Penal Code, Sec. 16.01, which proscribes the possession of a criminal instrument with intent to use it in the commission of an offense, to be a general statute, whereas possession of a forged writing with the intent to utter it is forgery under V.T.C.A., Penal Code, Sec. 32.-21(a)(1)(C), and is a special statute dealing with the possession of forged instruments, including forged prescriptions. We concluded that *Harrell* was improperly convicted of unlawful possession of a criminal instrument and should have been charged with forgery under Section 32.21(a)(1)(C), a misdemeanor, over which the convicting district court did not have jurisdiction. The same result must follow in the instant case.

The relief sought is granted; the convictions are set aside.

It is so ordered.