BARNES, J.,
for the Court:
¶ 1. A Walthall County Circuit Court jury convicted Alvin Renon Riley of the sale of less than one hundred dosage units of hydrocodone. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with six years to serve and the remaining nine years to be suspended for post-release supervision. The trial court denied Riley’s post-trial motion for a judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial. Finding no error, we affirm the circuit court’s judgment on appeal.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶2. On March 23, 2010, a confidential informant, Michelle Brown, made an undercover purchase of narcotics from Riley. The Southwest Narcotics Enforcement Unit of Walthall County had given Brown $60 to make the controlled buy, and followed her to Riley’s house. Agent Dan Hawn activated the electronic recording device worn by Brown and monitored the situation. Agent Hawn heard the transaction take place and heard Riley say, “$60, that would be 12 pills[,] ... five, six.... ” He also heard the sound of pills rattling in a bottle. Law enforcement met Brown at a pre-arranged location and took custody of the drugs — twelve dosage units of hy-drocodone — for analysis.
¶ 3. Riley was indicted on July 19, 2010, for “willfully, unlawfully, feloniously and knowingly sell[ing] less than one hundred *1009 (100) dosage units of hydrocodone, a controlled substance, to one confidential informant, for money ... in violation of [Mississippi Code Annotated sjection 41-29-139[.]” After a two-day jury trial, Riley was convicted, sentenced to fifteen years in the custody of the MDOC; and ordered to serve the first six years with the remaining nine years suspended for post-release supervision. He was also ordered to pay a $5,000 fíne and court costs, and to undergo drug treatment. Riley filed a motion for a JNOV or, in the alternative, a new trial. The trial court denied the motion, and Riley now appeals.
¶4. Finding no error, we affirm the judgment.
ANALYSIS
I. Whether the trial court erred by admitting a video and audio recording into evidence.
¶ 5. During Agent Hawn’s testimony, the State introduced the audio and video recording of the controlled drug buy. Defense counsel objected to the evidence of the recording, claiming that it was hearsay on the part of Agent Hawn, and that there was not a proper predicate laid for admission of the evidence. The State argued:
There is proper predicate in that Agent Hawn is the one who began and ended the surveillance video. He’s also testified that there’s no way that it can be altered or modified during the course of time — based upon the equipment, it cannot be altered or modified while it’s outside of his control.
The trial court agreed, noting that Agent Hawn “testified that he issued it, activated it, and received it,” and overruled the defense’s objection to the admission of the evidence. On appeal, Riley contends that the trial court erred by admitting the recording into evidence, since Agent Hawn was not a party to the transaction and, thus, could not properly authenticate the recording. He argues that Brown was the only witness who was a party to the transaction and could authenticate the recording, but the State failed to have her do so.
¶ 6. A trial court’s admission or exclusion of evidence is reviewed for abuse of discretion. Young v. State, 106 So.3d 811, 815 (¶ 5) (Miss.Ct.App.2011) (citing Catchings v. State, 39 So.3d 943, 950 (¶ 29) (Miss.Ct.App.2009)). Its “decision to admit or exclude evidence will only be reversed if it ‘results in prejudice and harm or adversely affects a substantial right of a party.’ ” Id. (citing Catchings, 39 So.3d at 951 (¶ 34)).
¶ 7. “Authentication of evidence requires the offering party to lay a proper foundation.” Wilson v. State, 775 So.2d 735, 740 (¶ 11) (Miss.Ct.App.2000). Mississippi Rule of Evidence 901(a) provides: “The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” One means to authenticate evidence is through the testimony of a witness with knowledge “that a matter is what it is claimed to be.” M.R.E. 901(b)(1).
¶ 8. In Ragin v. State, 724 So.2d 901, 903 (¶ 6) (Miss.1998), the Mississippi Supreme Court found that testimony by a surveillance agent to a drug transaction, where the agent had operated the equipment and had kept the tapes in his custody, was sufficient to authenticate the recording. In the present case, Agent Hawn had exclusive control of the electronic recording at all times during the transaction. Brown was not instructed how to use the equipment; Agent Hawn turned it on prior to the transaction. He then turned it off after the transaction had concluded and *1010 Brown had delivered the drugs to law enforcement. At trial, Agent Hawn testified that the recording represented what he overheard as he was conducting surveillance of the drug transaction and that the recording had not been altered or modified in any way. Therefore, we find that Agent Hawn’s testimony was sufficient to lay a proper foundation that the subject matter (the recording of the drug transaction) was what the State purported it to be.
¶ 9. We also find that the recording was properly authenticated through Agent Hawn’s testimony that he was able to identify Riley’s voice. Agent Hawn testified that he had known Riley for over twenty years; they had gone to school together. Under Rule 901, voice identification may be used to authenticate or identify evidence, “whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.” M.R.E. 901(b)(5).
¶ 10. Consequently, we find that the trial court did not abuse its discretion by admitting the recording into evidence.
II. Whether the evidence was insufficient to prove that Riley sold a Schedule II substance under Mississippi Code Annotated section 41-29-115 (Rev.2009) and whether his conviction was against the overwhelming weight of the evidence.
¶ 11. The indictment charged Riley with the sale of “less than one hundred (100) dosage units of hydrocodone, a controlled substance,” for which he was convicted. The indictment did not specify whether the drug was a Schedule II or Schedule III substance. Hydrocodone is a Schedule II controlled substance. See Miss.Code Ann. § 41-29-115(A)(a)(l)(vi) (Rev.2009). Riley asserts that the State “wholly failed to prove that Riley sold less than one hundred dosage units of pure hydrocodone, which is specifically listed as a Schedule II controlled substance!.]” (Emphasis added). He avers, instead, that the evidence merely proved that the substance was 500 mg of acetaminophen and only 10 mg of hydrocodone, which is a Schedule III substance under Mississippi Code Annotated section 41-29-117(A)(e)(4) (Rev.2009).
¶ 12. A motion for a JNOV challenges the sufficiency of the evidence. Jenkins v. State, 101 So.3d 161, 165 (¶ 12) (Miss.Ct.App.2012) (citing McBride v. State, 61 So.3d 174, 183 (¶ 29) (Miss.Ct.App.2010)). If after viewing all credible evidence in the light “most favorable to the State[,] ... the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[,]” then the evidence will be deemed legally sufficient and the verdict will be upheld. Melton v. State, 118 So.3d 605, 610 (¶ 20) (Miss.Ct.App.2012) (citing Knight v. State, 72 So.3d 1056, 1063 (¶ 24) (Miss.2011)). On the other hand, “[a] motion for a new trial challenges the weight of the evidence.” Id. at 609 (¶ 17) (citing Knight, 72 So.3d at 1064 (¶ 31)). We “will not disturb a jury’s verdict unless it ‘is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Id. at 610 (¶ 17) (citation omitted).
¶ 13. In denying Riley’s post-trial motion, the trial judge stated: “I don’t find the failure to contain the schedule to be fatal when the actual drug itself was listed and by reference to the statute which was also listed clearly shows which schedule it would fall under.” The trial court was incorrect in one respect. The indictment *1011 does not list the specific statute (either section 41-29-115 or 41-29-117). Rather, the indictment listed Mississippi Code Annotated section 41-29-139 (Rev.2009), the statute for the crime of possession of a controlled substance.
¶ 14. Nevertheless, we find no merit to Riley’s argument. The indictment did not state that Riley possessed “pure hydroco-done” as he claims. Furthermore, this Court has observed that “[hjydrocodone is the narcotic component of Lortab[,J” making it a Schedule II substance. Conlee v. State, 23 So.3d 535, 540 (¶ 16) (Miss.Ct.App.2009) (citing Rushing v. State, 711 So.2d 450, 452 (¶ 5) (Miss.1998)). The tablets admitted into evidence contained hy-drocodone; therefore, the State did provide sufficient evidence to support the charges in the indictment. The evidence showed that Riley sold generic Lortab containing 10 mg of hydrocodone and 500 mg of acetaminophen.
¶ 15. Moreover, the record reflects that Riley was convicted and sentenced for possession of a Schedule III substance, not a Schedule II substance. At trial, the forensic specialist from the Mississippi Crime Laboratory testified that the pills were “[hjydrocodone with acetaminophen, 10 milligrams of hydrocodone, 500 milligrams acetaminophen.” She also testified that the drug in question was a Schedule III substance. The State made no objection or attempt to classify the drug as a Schedule II controlled substance. At the sentencing hearing, the trial judge noted that the maximum sentence for the conviction was twenty years and a fine of $250,000, which is the maximum penalty for a Schedule III or IV substance. See Miss.Code Ann. § 41 — 29—139(b)(4). It is also evident that Riley was not given the maximum sentence. Consequently, he suffered no prejudice from the failure to identify in the indictment whether he was being charged with the sale of a Schedule II or Schedule III drug.
¶ 16. Accordingly, we find that the evidence was legally sufficient to support Riley’s conviction and that the verdict was not against the overwhelming weight of the evidence.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY OF CONVICTION OF THE SALE OF LESS THAN ONE HUNDRED DOSAGE UNITS OF HYDRO-CODONE AND SENTENCE OF FIFTEEN YEARS, WITH SIX YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND THE REMAINING NINE YEARS SUSPENDED FOR POST-RELEASE SUPERVISION, AND TO PAY A $5,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ, CONCUR.