PD-0142-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/3/2015 5:51:16 PM
Accepted 2/6/2015 2:30:45 PM
ABEL ACOSTA
CLERK

# IN THE
## TEXAS COURT OF CRIMINAL APPEALS
### Sitting at Austin, Texas

NO. _____

_____

## JOSHUA J. HOLLOWAY,
**Appellant,**

**versus**

## THE STATE OF TEXAS,
**Appellee.**

**On Petition for Discretionary Review from
the First Court of Appeals - No. 01-14-00031-CR
Affirming the Judgment and Sentence entered
in the 182nd District Court, Harris County, Texas
– Cause No. 1366751
Hon. Jeannine Barr, Presiding District Judge**

## PETITION FOR DISCRETIONARY REVIEW

**Maverick J. Ray
Attorney for Appellant
State Bar No. 24080451
1419 Franklin, 2nd Floor
Houston, Texas 77002
Ph: (713) 389-0940
MaverickRayLaw@gmail.com**

FILED IN
COURT OF CRIMINAL APPEALS

February 6, 2015

ABEL ACOSTA, CLERK

## Identity of Parties and Counsel

Hon. Jeannine Barr                    Presiding District Judge

Counsel for the State:

    Devon Anderson                    Harris County Dist Attorney
    William Cowardin                   Assistant District Attorney at trial
    Carly Dessauer                       Assistant Dist Attorney on appeal
                       1201 Franklin, Suite 600
                       Houston, Texas 77002

Joshua J. Holloway                    Defendant/Appellant

Maverick Ray                          Defense/Appellate Counsel
                       1419 Franklin, 2nd Floor
                       Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel      I

Index of Authorities      iii

Statement Regarding Oral Argument      vi

Statement of the Case      vii

Statement of Procedural History      viii

Questions Presented for Review      ix

Argument:

     A.    Proceedings in the Trial Court      1

     B.    Court of Appeals' Holding      4

     C.    General Principles of In Pari Materia Doctrine      5

     D.    The Statutes Under Consideration      6

     E.    Reasons for Review

         1. Court of Appeals' Holding Conflicts With Decisions of Other Courts of Appeals and Texas Court of Criminal Appeals      8

         2. The Court of Appeals' Holding Violates Holloway's Right to Due Process      13

Prayer for Relief      15

Certificate of Compliance      16

Certificate of Service                                    16

Appendix: Copy of Court of Appeals' Opinion and Judgment    Appx A

## INDEX OF AUTHORITIES

Azeez v State, 248 S.W.3d 182, 192 (Tex.Crim.App. 2008)    6, 13

Burke v. State, 28 S.W.3d 545 (Tex.Crim.App. 2000)    9

Cheney v. State, 755 S.W.2d 123, 126 (Tex.Crim.App. 1988)    6

Cullen v. State, 832 S.W.2d 792    14

Ex parte Harrell, 542 S.W.2d 169 (Tex.Crim.App. 1976)    10, 11, 14

Ex parte Pribble, 548 S.W.2d 54 (Tex.Crim.App. 1977)    10, 13

Ex parte Sealey, 563 S.W.2d 817 (Tex.Crim.App. 1978)    13

Ex parte Smith, 185 S.W.3d 887 (Tex.Crim.App. 2006)    6

Hollin v. State, 227 S.W.3d 117, 120 (Tex.App.-Houston
[1st Dist] 2006, pet ref''d)    8, 9

Jones v. State, 552 S.W.2d 836 (Tex.Crim.App. 1977)    11, 13, 14

Mills v. State, 722 S.W.2d 411 (Tex.Crim.App. 1986)    5

Oglivie v State, 711 S.W.2d 365, 366 (Tex.App.-
Dallas 1986, pet ref'd)    1, 14

Ramos v. State, 928 S.W.2d 160, 161-162 (Tex.App.-Houston
[14th Dist] 1996, pet ref'd)    12

Rodriguez v. State, 879 S.W.2d 285                 12

Tawfik v. State, 643 S.W.2d 127, 129 (Tex.Crim.App. 1982)     11, 13

Williams v. State, 641 S.W.2d 236, 238-239 (Tex.Crim.App. 1982)    11, 14


**United States Constitution:**

Fifth Amendment                                        ix

Fourteenth Amendment                            ix

**Texas Government Code**:

§ 311.026                                            5

**Texas Rules of Appellate Procedure:**

Rule 66.3                                           10

**Texas Controlled Substances Act**:

§ 481.002(5)                                     6

Section 481.032                                 4

Section 481.102                                 4

Section 481.104                                 4

Section 481.129                        ix, 3, 4 , 6, 13, 14

**Texas Dangerous Drug Act:**

Section 483.045                        ix, 3, 4, 7, 14, 15

## Statement Regarding Oral Argument

Oral argument is hereby waived.

## STATEMENT OF THE CASE

This is an appeal from the denial of a pretrial motion to quash the indictment and/or dismiss the prosecution which was filed, heard and ruled upon by the trial court. **[CR 456; RR 1-9]** After denial of the motion, Holloway entered a plea of guilty to the indictment charging him with attempt to obtain a controlled substance by fraud. **[CR 475-478]** The trial court deferred a finding of guilt and directed community supervision for a period of six years. **[CR 482-487]** The trial court thereafter entered its order granting permission to prosecute this appeal. **[CR 479, 480, 489-490, 491]**

## STATEMENT OF PROCEDURAL HISTORY

The First Couirt of Appeals sitting at Houston, Texas, entered and filed its judgment and memorandum opinion on January 29, 2015 [not designated for publication]. No motion for rehearing was filed.

## QUESTIONS PRESENTED FOR REVIEW

(1)   Did the Court of Appeals err in holding that the presenting of a fraudulent prescription to a pharmacist for Lortab, a prescription drug containing hydrocodone, a controlled substance, was not *in pari materia* where the former is a misdemeanor offense and the latter a felony? **[CR pp. 6-7, 8-9, 10-12, 13-15, 438-454, 456, 475-478, 479, 482-487, 489-490, 491; RR at pp. 1-9]**

(2)   Did the Couirt of Appeals err in holding that the trial couirt correctly denied Appellant's motion to quash where the State charged Appellant with attempting to obtain hydrocodone, a listed controlled substance and ingredient contained in Lortab, a prescription dangerous drug,  thus allowing the State to obtain a felony conviction based upon conduct that is proscribed as a misdemeanor?   **[CR  pp. 6-7, 8-9, 10-12, 13-15, 438-454, 456, 475-478, 479, 482-487, 489-490, 491; RR at pp. 1-9]**

(3)   Does the Court of Appeals' holding that TEX. HEALTH & SAFETY CODE §§ 481.129 and 483.045 are not *in pari materia* allow the State to obfuscate its duty to prosecute under a "special" statute that is *in pari materia* with a broader statute when these statutes irreconcilably conflict thereby violating Due Process of the Law under the Fifth and Fourteenth Amendments of the United States Constitution.  **[CR  pp. 6-7, 8-9, 10-12, 13-15, 438-454, 456, 475-478, 479, 482-487, 489-490, 491; RR at pp. 1-9]**

**ARGUMENT**

**A.    Proceedings in the Trial Court**

The Criminal Complaint verifies the underlying facts that are the basis for the State's subsequent  indictment in cause no. 1366751.  The Probable Cause supplied provides the following:

PROBABLE CAUSE:

Affiant, Orlando Jacobs, a credible and reliable person employed as a certified peace officer with the Texas Department of Public Safety (DPS) and holds the rank of Gent in the Regulatory Service Division.  The affiant believes and has reason to believe that on September 3rd 2012, Joshua James Holloway, hereafter styled the Defendant, committed the offense of Fraud by attempting to obtain the Scheduled III Controlled Substance, Hydrocodone, through forgery in violation of section 481.129 of the Health and Safety Code at the Walgreens Pharmacy located at 100 N. Alexander in Baytown, Texas. Affiant's belief is based on the following facts:

Your affiant learned that a complaint was sent over to our DPS office in Houston in reference to a possible forgery case in Baytown, Harris County area.  The suspected forged prescriptions had been attempted to be filled at the Walgreens Pharmacy located at 100 N. Alexander in Baytown, Texas 77520.

On September 11th, 2012, your Affiant went to Walgreens Pharmacy and met with Tamela Johnson (Pharmacist) and obtained copies of the suspected forged prescriptions and a copy of a video tape of the transaction.  Through investigation , your Affiant learned that the prescriptions were from Advance Psychiatry Center located at 2801 Garth Road, Suite 215, Baytown, Texas 77521.  The prescription was (150) one hundred fifty units of Lortab (Hydrocodone) 10-650 mg issued to Joshua Holloway, DOB: 06/26/1980 and appeared to be written and signed by Mansour R. Sanjar, M.D.

Your affiant learned from reviewing the copies of the pharmacy records and video, that on September 3rd , 2012, the defendant entered the Walgreens Pharmacy and attempted to fill the aforementioned prescription. Upon reviewing the prescription Tamela Johnson, Pharmacist, observed that the authorizing signature did not appear to be consistent with previous signatures by Mansour R. Sanjar, M.D. Tamela Johnson contacted the Advanced Psychiatry Center and found that Joshua Holloway was patient a patient of the Advanced Psychiatry Center, but the prescription had not been authorized by Mansour R. Sanjar, M.D.

A copy of the video showing the interactions with the defendant and Johnson was made during his attempt to fill the prescription for controlled substances. The defendant was also picked from a photo lineup by Tamela Johnson, Pharmacist.

On October 4th, 2012, your Affiant met with Mansour R Sanjar, M.D., at Advance Psychiatry Center and confirmed that defendant was a patient of Advance Psychiatry Center. Your Affiant showed the aforementioned prescriptions to Dr. Sanjar who stated the prescription was his but the authorizing signature for the controlled substances was not his. A letter from Dr. Sanjar was received on same date.

By defendant attempting to obtain Lortab (Hydrocodone), a schedule III controlled substance, by utilizing a prescription with a forged signature, has committed fraud as outlined in the Health and Safety Code 481.129 as a criminal offense, a 3rd degree felony.

[Signed Nov 2, 2012] **[CR 6-7, 13-15]**

Based upon the affiant officer's sworn complaint that Holloway had presented

a false prescription for Lortab[1] by using a forged signature, the State proceeded on

---

[1] **Lortab**® combines **hydrocodone** and acetaminophen as pain relievers. **Hydrocodone** is available only in combination with other ingredients, and different combination products are prescribed for different uses. Some **hydrocodone** products are used to relieve moderate to severe pain. **Hydrocodone** is in a class of medications called opiate (narcotic)

a true bill indictment charging Holloway with the offense of attempting to obtain a Hydrocodone, a controlled substance, by fraud under TEX. HEALTH & SAFETY CODE § 481.129(a)(5)(B), (d)(2).  **[CR 8-9, 10-12]**

On December 3, 2013, Holloway filed his Motion to Quash Indictment and/or Dismiss Prosecution.  **[CR 438-454]**  By his motion, Holloway moved for dismissal of the charges on the basis that the offense charged as a felony for attempting to obtain a controlled substance  by fraud pursuant under **Section 481.129 of the Texas Controlled Substances Act** should have been filed instead as a violation of **Section 483.045 of the Texas Dangerous Drug Act** under the doctrine of *in pari materia*. **[CR 443-454;  RR 1-9]**  The trial court denied the motion after hearing on December 9, 2013.  **[CR  456; RR 1-9]**

Holloway then  entered a plea of guilty to the indictment after which the trial court deferred a finding of guilt for "possession/attempted possession of a controlled substance, namely hydrocodone, by fraud schedule" and thereafter  directed  that

---

analgesics. **Hydrocodone** relieves pain by changing the way the brain and nervous system respond to pain. Acetaminophen is used to relieve mild to moderate pain. Acetaminophen may also be used to relieve the pain of osteoarthritis (arthritis caused by the breakdown of the lining of the joints). Acetaminophen is in a class of medications called analgesics (pain relievers) and antipyretics (fever reducers). It works by changing the way the body senses pain and by cooling the body. *Medline Plus,* a service of the U.S. National Library of Medicine, National Institutes of Health, Drugs & Supplements, http:// www.nlm.nih.gov/ medlineplus/druginfo/meds/ a601006. html and http://www.nlm.nih.gov/medlineplus/ druginfo/meds/a681004.html.  **Jacob v. Creed, Slip Copy, 2014 WL 2768846 (W.D.La. June 18, 2014)(not designated for publication).**

Holloway submit to community supervision for a period of six years. **[CR 475-478, 482-487]**

With permission of the trial court, Holloway entered timely notice of appeal. **[CR 479, 480, 489-490, 491]**

## B. Court of Appeals' Holding

The Court of Appeals, recognized that Holloway had presented a prescription to a pharmacist for 150 units of Lortab. **[Appx A, at 2]** The Court of Appeals, though, went on to hold that charging Holloway with a felony under the Controlled Substances Act as opposed to filing the case as a misdemeanor under the Dangerous Drug Act was not error because the substance hydrocodone which the State chose to charge by its indictment was included in Penalty Groups 1 and 3 of the Controlled Substances Act, and was included in Schedule III at the time of Holloway's conviction. **TEX. HEALTH & SAFETY CODE §§ 481.102(3)(A), 481.104(a)(4) & 481.032.** **[Appx A at 7]** The Court of Appeals held that **Section 483.045** of the **Dangerous Drug Act** and **Section 481.129** of the Controlled Substances Act are not *in pari materia* because the Legislature explicitly stated that "dangerous drugs" governed by the Dangerous Drug Act include only drugs "not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481." **[Appx A at 7]** It concluded that the State could not have properly charged Holloway under the

Dangerous Drug Act and, therefore, the trial court did not err in denying Holloway's motion to quash the indictment. **[Appx A at 8]**

### C. General Principles of *In Pari Materia* Doctrine

The doctrine of *in pari materia* is a principle of statutory construction which dictates that, in a case where one statutory provision has broadly defined a criminal offense and a second, more narrowly drawn statute defines a separate criminal offense to proscribe conduct that would otherwise meet the elements of the broader provision, due process and due course of law require the accused be prosecuted under the more specific statute. See, e.g., **Mills v. State**, 722 S.W.2d 411, 414 (Tex. Crim. App. 1986). This rule has been codified by the Legislature:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

**TEX. GOV'T CODE ANN. § 311.026** (Vernon 2005).

It is clear that statutes that deal with the "same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things" are considered to be *in pari materia* even though they do not reference one another, were passed at different times, or at different sessions of the legislature. *See, e.g.*,

**Azeez v. State**, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008) (quoting **Cheney v. State,** 755 S.W.2d 123, 126 (Tex. Crim. App. 1988)). The doctrine "applies where one statute deals with a subject in comprehensive terms and another deals with a portion of the same subject in a more definite way." *See id.* at 192 (quoting *Cheney*, 755 S.W.2d at 126).

When applied to penal statutes, the doctrine dictates that "a defendant has a due process right to be prosecuted under a 'special' statute that is *in pari materia* with a broader statute when these statutes irreconcilably conflict." See *id.* (quoting **Ex parte Smith**, 185 S.W.3d 887, 893 (Tex. Crim. App. 2006)).

### D. The Statutes Under Consideration

"Controlled substance" means a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance. **Tex. Health & Safety Code, § 481.002(5)**.

The statute under which Holloway had been charged and indicted, **Tex. Health & Safety Code § 481.129,** in pertinent part provides:

(a)   A person commits an offense if the person knowingly:
      \* \* \*
(5) possesses, obtains, or attempts to possess or obtain a controlled substance or an increased quantity of a controlled substance:

(A) by misrepresentation, fraud, forgery, deception, or subterfuge;

(B) through use of a fraudulent prescription form; or

( C) through use of a fraudulent oral or telephonically communicated prescription; ....

\* \* \*

(d) An offense under Subsection (a) is:

(1) a felony of the second degree of the controlled substance that is the subject of the offense is listed in Schedule I or II;

(2) a felony of the third degree if the controlled substance that is the subject of the offense is listed in Schedule III or IV; and

(3) a Class A misdemeanor if the controlled substance that is the subject of the offense is listed in Schedule V.

"Dangerous drug" means a device or a drug that is unsafe for self-medication and that is not included in Schedules I through V or Penalty Groups 1 through 4 of **Chapter 481 (Texas Controlled Substances Act)**. The term includes a device or a drug that bears or is required to bear the legend:

(A) "Caution: federal law prohibits dispensing without prescription" or "Rx only" or another legend that complies with federal law; or

(B) "Caution: federal law restricts this drug to use by or on the order of a licensed veterinarian."

**Tex. Health & Safety Code Ann. § 483.045(a)** provides:

(a) A person commits an offense if the person:

(1) Forges a prescription or increases the prescribed quantity of a dangerous drug in a prescription;

(2)    Issues a prescription bearing a forged or fictitious signature;

(3)    Obtains or attempts to obtain a dangerous drug by using a forged, fictitious, or altered prescription;

(4)    obtains or attempts to obtain a dangerous drug by means of a fictitious or fraudulent telephone call; or

(5)    possesses a dangerous drug obtained by a forged, fictitious, or altered prescription or by means of a fictitious or fraudulent telephone call.

(b)    An offense under this section is a Class B misdemeanor unless it is shown on the trial of the defendant that the defendant has previously been convicted of an offense under this chapter, in which event the offense is a Class A misdemeanor.

## E.    Reasons for Review

### 1.    Court of Appeals' Holding Conflicts With Decisions of Other Courts of Appeals and Texas Court of Criminal Appeals

The Court of Appeals, though correctly reciting the relevant facts that Holloway had presented a prescription to a pharmacist for 150 units of Lortab, chose to accord no weight to the identified pharmaceutical preparation but, instead, proceeded as if Lortab was the controlled substance, Hydrocodone.

The Court of Appeals concluded that the State could not have properly charged Holloway under the Dangerous Drug Act because, under the holding in **Hollins v. State**, 227 S.W.3d 117, 122 (Tex.App.-Houston [1st Dist] 2006, pet ref'd), the two statutes are not *in pari materia*.

In ***Hollins v. State, supra***, the court of appeals held that intoxication manslaughter was not in pari materia with felony murder. The appellate court turned to the criteria set forth in **Burke v. State**, 28 S.W.3d 545, 547 (Tex.Crim.App. 2000), and found that the two statutes were not contained in the same legislative acts; that intoxication manslaughter and felony murder do not require the same elements of proof; and that the two statute were not intended to achieve the same purpose or objective inasmuch as the purpose of the intoxication manslaughter statute was to prevent deaths caused by intoxicated drivers and impose criminal responsibility on those who drive while intoxicated, whereas, the purpose of the felony murder statute encompasses the purpose of the intoxication manslaughter statute, as well as other felonies, and goes beyond that specific purpose. ***Id.***, at 122-124.

In ***Burke v. State, supra***, the Court of Criminal Appeals rejected the defendant's claim that aggravated assault and intoxication assault were in pari materia. The Court of Criminal Appeals held that, "[w]hile both sections share an identical element - that the defendant's actions cause serious bodily injury to another - they share nothing else. The two sections don't apply to the same class of people, were designed to serve different purposes, appear in different chapters of the Code, and were not apparently intended to be considered together." ***Id***, 28 S.W.3d at 548. The focus of the proscribed conduct under Chapter 49 of the Penal Code is the

consumption of alcohol in connection with an activity that places others in danger.

Chapter 22, on the other hand, is the intentional, knowing or reckless infliction of harm to others. *Id.*, at 549.

However, in this instant case, there is no conflict between the Controlled Substances Act and the Dangerous Drug Act in their proscriptions against obtaining either a controlled substance or a dangerous drug by fraud. The statutes apply to the same class of people and were designed to serve the same purpose. Consequently, while the Court of Appeals cites to the proper authority, the appellate couirt's conclusion misconstrues the rule in such a way that the holding in this case conflicts with the Court of Criminal Appeals' decisions on the same issue. Tex.R.App.Proc., Rule 66.3(a) and ( c).

Moreover, the Court of Appeals' holding here is in direct conflict with the Court of Criminal Appeals decisions that mandate the prosecution under the broader provision to be improper where the range of punishment under the more specific offense is less than that for the broader, particularly where the convicting court would be deprived of subject matter jurisdiction in a prosecution under the more specific applicable statute.[2]  See, e.g., **Ex parte Pribble,** 548 S.W.2d 54 (Tex.Crim.App.

---

[2]  Courts have routinely reversed where the prosecutor was charging a general offense that carried a higher punishment than that proscribed for a more specifically defined offense. See e.g.**, Ex parte Harrell**, 542 S.W.2d 169, 171 (Tex.Crim.App. 1976) **(**setting aside conviction

1977); **Ogilivie v State**, 711 S.W.2d 365 (Tex.Crim.App. 1986); **Ex parte Harrell**, 542 S.W.2d 169 (Tex.Crim.App. 1976)(granting habeas relief where defendant should have been charged with misdemeanor forgery, over which the convicting court had no jurisdiction); **Jones v. State**, 552 S.W.2d 836 (Tex.Crim.App. 1977)(ordering judgment reversed and felony indictment for theft dismissed where defendant should have been charged with misdemeanor offense of Public Welfare Act, over which district court had no jurisdiction). Other examples are of like significance, for example, while the offense of offering to sell a simulated controlled substance representing it to be a controlled substance violates the general law against offering to sell a controlled substance, the specific statute prohibiting this precise behavior (which carries a lesser range of punishment) controls over the general statute.

---

under the broader felony offense of unlawful use of a criminal instrument, under **Penal Code, sect. 16.01**, because the prosecution should have proceeded under the more specific misdemeanor offense of forgery, under **Penal Code sect. 32.21**); **Jones v. State**, 552 S.W.2d 836 (Tex.Crim.App. 1977) (holding the district court lacked jurisdiction in prosecution which, though brought under the provisions of felony theft, **TEX.PEN.CODE ANN. , sect 31.03**, should have been prosecuted under the narrower proscription against welfare fraud in **TEX. HUM. RES. CODE ANN. art. 695c**, since repealed.); **Williams v. State**,. 641 S.W.2d 236 (Tex.Crim.App. 1982) (holding prosecution under the general theft statute to have been improper when a charge under **TEX. PEN. CODE ANN. sect 32.33,** hindering a secured creditor, was the more specific statute and carried a lesser punishment due to the value of the property involved); **Tawfik v. State**, 643 S.W.2d 127 (Tex.Crim.App. 1982) (determining prosecution should have proceeded under **TEX. PENAL CODE ANN., sect. 32.22**, for the offense of criminal simulation, a misdemeanor, rather than under felony theft under **TEX. PENAL CODE, sect. 31.03**).

**Rodriguez v. State**, 879 S.W.2d at 285-286; **Ramos v. State**, 928 S.W.2d 160, 161-162 (Tex.App.-Houston [14th Dist] 1996, pet ref'd).

Under circumstances existing in this instant case, the legislature is presumed to have made a determination that the behavior addressed by the specific statute constitutes a lesser or greater harm to society (depending on the punishment assessed by the specific statute) than that addressed by the general statute. See ***Rodriguez***, 879 S.W.2d at 286 (court presumed that legislature made a determination that defendant's conduct in offering for sell a simulated controlled substance constituted a lesser harm to society than offering to sell an actual controlled substance, since the offense of offering to sell a simulated controlled substance carried a lesser range of punishment).

While the Court of Appeals adopted the State's argument that the doctrine of *in pari materia* did not apply where Lortab was not listed under any of the Penalty Groups but Hydrocodone was so listed, the one fact that cannot be denied is that the State was only capable of making such a charge after determining that Lortab, a pharmaceutical preparation requiring a prescription as determined under the Dangerous Drug Act, contained the active ingredient Hydrocodone, a substance listed under the Controlled Substance Schedules and Penalty Groups. By its very actions, the State concedes that it was necessary to determine the ingredients of the dangerous drug in order that it might prosecute for an ingredient of that dangerous drug. This

is evidence that demonstrates unequivocally that the statutes are aimed at the accomplishment of the same results and the suppression of the same evil as both deal with the same subject matter or purpose, or proscribe the same conduct. See, e.g., **Ex parte Pribble,** 548 S.W.2d 54 (Tex.Crim.App. 1977) and **Ex parte Sealey**, 536 S.W.2d 817 (Tex.Crim.App. 1978). The Court of Appeals' holding to the contrary is in direct conflict with the holdings of the Court of Criminal Appeals.

2. **The Court of Appeals' Holding Violates Holloway's Right to Due Process**

A defendant has a due process right to be prosecuted under a "special" statute that is *in pari materia* with a broader statute when these statutes irreconcilably conflict. **Azeez v. State**, 248 S.W.3d 182 (Tex.Crim.App. 2008). Where the offense alleged by the indictment is a misdemeanor if properly charged under the more specific statute, a district court is without jurisdiction to proceed**. Jones v. State**, 552 S.W.2d 836 (Tex.Crim.App. 1977); **Tawfik v. State**, 643 S.W.2d 127, 129 (Tex.Crim.App. 1982).

Holloway challenged in the court below the validity of the felony indictment charging him with fraud to obtain the controlled substance hydrocodone proscribed under **§ 481.129 of the Texas Controlled Substance Act**. This was not a mere technical or procedural challenge to the form of the indictment. Instead, at stake was

Holloway's substantive due process right to be prosecuted under the misdemeanor "Forging or Altering Prescription" to obtain a drug that is unsafe for self-medication and is restricted from distribution as an Rx or legend prohibiting obtaining a drug without a prescription and is not listed under the schedules or penalty groups of the Controlled Substances Act. **Texas Dangerous Drug Act, § 483.045.**

As applied to the facts of this instant case, both **§ 481.129 of the Texas Controlled Substances Act** and **§ 483.045 of the Texas Dangerous Drug Act** are statutes that are *in pari materia*.[3] Both statues involve the same "forbidden conduct." Both statutes reveal that the subject matter, the persons, the purpose, and the objective of a prosecution under either statute would be identical. Finally, in this case in which the special statute provides for a lesser range of punishment than the general statute, an "irreconcilable conflict", due process and due course of the law dictated in keeping

---

[3]     Similarly, possession of a forged writing with intent to utter it (a misdemeanor) merely represents a specific instance of the general proscription against possession of a criminal instrument with the intent to use it in the commission of an offense (a felony). *Ex parte Harrell*, 542 S.W.2d at 173. Giving false information in an application for a driver's license ( a misdemeanor) is similarly a subset of the general proscription against "Securing Execution of a Document by Deception" (a felony). **Oglivie v State**, 711 S.W.2d 365, 366 (Tex.App.-Dallas 1986, pet ref'd). "Hindering a secured creditor" (a misdemeanor) is noting more than "theft" (a felony) perpetrated against a particular class of people by specifically enumerated means. **Williams v. State**, 641 S.W.2d 236, 238-239 (Tex.Crim.App. 1982). "Welfare fraud" under the Public Welfare Act (a misdemeanor) similarly constitutes "theft" under the Penal Code (a felony) perpetrated against s specified victim (Department of Public Welfare) using a specified means (false statement). *Jones*, 552 S.W.2d at 837. In these situations, the rule of in pari materia applies because the specific statute is essentially just a subset of the general offense. See *Cullen*, 832 S.W.2d at 792.

with presumed legislative intent that Holloway be prosecuted under the more specific provision of the **Texas Dangerous Drug Act, § 483.045(b)**. Other than the State's extraction from the prescription drug Lortab the active ingredient Hydrocodone, there was no evidence that the prescription requisition sought to obtain the controlled substance Hydrocodone. [4] This was the literal creation of the State's practice. Consequently, in failing to grant Holloway's motion to quash, the trial court fell into error which has resulted in prejudice by assessing a felony sentence that far exceeds the range of punishment applicable to the offense proscribed by **§ 483.045(b)** of the **Texas Dangerous Drug Act.**

## PRAYER FOR RELIEF

For all of the reasons set forth above, Joshua Holloway moves and prays the Court of Criminal Appeals grant review as the Court of Appeals' judgment presents an issue that requires immediate resolution because the issue is of great public

---

[4]      As reflected from the exhibit attachments to the charging instrument, none of te prescription requisitions sought to obtain hydrocodone. [CR 6-7, 13-15] The fact that hydrocodone is the active ingredient contained in Lortab does not diminish the fact that Lortab is a dangerous drug that is not listed under the schedules or penalty groups of the Controlled Substances Act.  Hydrocodone is the narcotic component of Lortab.  **Riley v. State**, 126 So.3d 1007 (Miss.App. 2013); Hydrocodone is the active ingredient in the pharmaceutical preparation known as Lortab, which is an analgesic used for pain relief.  **Barnes v. State**, 864 So.2d 1200 (Fla.App. [1st Dist] 2004); Hydrocodone is one of the ingredients in Lortab.  **Avery v. State**, 359 S.W.3d 230, 234 (Tex.Crim.App.2012).

importance and will have a great effect on the proper administration of justice throughout the State of Texas.

Respectfully submitted,
/s/ **_Maverick J. Ray_**
Maverick J. Ray
Attorney for Appellant
State Bar No. 24080451
1419 Franklin, 2nd Floor
Houston, Texas 77002
Ph: (713) 389-0940

## CERTIFICATE OF COMPLIANCE

I hereby certify that the contents of Appellant's Opening Brief consists of **3944** words after excluding exemptions according to the word count by WordPerfect 5X.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Petition for Discretionary Review has been this day served upon the office of the Harris County District Attorney, appellate division, by hand delivery or by placing same in the United States Mail, postage prepaid, addressed as follows to Mr. Alan Curry, Chief Prosecutor, Appellate Division, 1201 Franklin, Ste 600, Houston, Texas 77002-1923 and upon the State Prosecuting Attorney by e-mail transmission to information@spa.texas.gov.

Dated: February 4, 2015.

*/s/ Maverick J. Ray*
Maverick J. Ray

In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00031-CR

———————————

**JOSHUA J. HOLLOWAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1366751**

---

## MEMORANDUM OPINION

Appellant Joshua J. Holloway pleaded guilty to attempting to obtain a controlled substance, hydrocodone, through use of a fraudulent prescription, after the trial court denied his motion to quash the indictment based upon the doctrine of *in pari materia*. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(B) (West

Supp. 2014). Holloway argues that the trial court erred in refusing to quash the indictment because the State improperly charged him under the Texas Controlled Substances Act, *see generally* TEX. HEALTH & SAFETY CODE ANN. ch. 481 (West 2010 & Supp. 2014), instead of the Texas Dangerous Drug Act, *see generally* TEX. HEALTH & SAFETY CODE ANN. ch. 483 (West 2010 & Supp. 2014), which carries a lower penalty. We affirm.

## Background

In September 2012, Holloway presented a prescription for 150 units of Lortab (hydrocodone) to a pharmacist at a Walgreens in Baytown, Texas. The prescription purported to be authorized by Mansour R. Sanjar, M.D., but the pharmacist observed that the authorizing signature was not consistent with Sanjar's previous signatures. She contacted Sanjar and learned that Sanjar had not authorized the prescription.

Holloway was charged with attempting to obtain a controlled substance, hydrocodone, through use of a fraudulent prescription, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(B), (d)(2) (West Supp. 2014). Holloway moved to quash the indictment based upon the doctrine of *in pari materia*. He argued that he should have been charged with a misdemeanor under Section 483.045 of the Dangerous Drug Act, instead of a felony under Section 481.129 of the Controlled Substances Act. He argued that both statutes prohibited

2

attempting to procure hydrocodone by fraudulent prescription, but that the Dangerous Drug Act was more specific, and therefore the State was required to charge him under it.

At the hearing on the motion to quash, the State responded that hydrocodone is covered only under the Controlled Substances Act. The trial court denied the motion to quash, and Holloway pleaded guilty to attempting to obtain a controlled substance by fraudulent prescription and true to two enhancement paragraphs. The trial court accepted Holloway's guilty plea, found the enhancements true, and sentenced Holloway to six years' confinement, deferred for six years, and a $500 fine.

## Discussion

In his sole point of error, Holloway contends that the trial court erred by denying his motion to quash the indictment based upon the doctrine of *in pari materia*. Holloway contends that he should have been charged under the Dangerous Drug Act, *see* TEX. HEALTH & SAFETY CODE ANN. § 483.045 (West 2010), rather than the Controlled Substances Act, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.129.

## A. Standard of Review

We review the denial of a motion to quash an indictment de novo. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). "The doctrine of *in pari*

*materia* is a rule of statutory construction that seeks to carry out the Legislature's intent." *Jones v. State*, 396 S.W.3d 558, 561 (Tex. Crim. App. 2013). Statutes are *in pari materia* when they "deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons and things." *Id.* (quoting *Azeez v. State*, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008)). A list of four non-exclusive factors may be considered in determining whether the statutes are *in pari materia*, namely, whether the statutes: (1) involve different penalties; (2) are contained in the same legislative act; (3) require the same elements of proof; and (4) were intended to achieve the same purpose or objective. *Burke v. State*, 28 S.W.3d 545, 547 (Tex. Crim. App. 2000) (quoting *Alejos v. State*, 555 S.W.2d 444, 449 (Tex. Crim. App. 1977) (op. on reh'g)). "Similarity of purpose or object is the most important factor in assessing whether two provisions are *in pari materia*." *Id.*

When two statutes are *in pari materia*, the doctrine requires that the statutes be "taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law." *Jones*, 396 S.W.3d at 561 (quoting *Azeez*, 248 S.W.3d at 192). "To that end, '[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy.'" *Id.* at 561–62 (quoting *Azeez*, 248 S.W.3d at 192); *see also* TEX. GOV'T

4

CODE ANN. § 311.026(a) (West 2013) (if general provision conflicts with special provision, they shall be construed so that effect is given to both if possible). "Where such statutes irreconcilably conflict, however, 'the more detailed enactment . . . will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling.'" *Jones*, 396 S.W.3d at 562 (quoting *Azeez*, 248 S.W.3d at 192); *see also* TEX. GOV'T CODE ANN. § 311.026(b) (West 2013) (if provisions irreconcilably conflict, special provision prevails unless general provision is later enactment and the manifest intent is that the general provision prevail). "Further, such conflict implicates due process rights that require the State to prosecute the defendant under the special statute where two statutes are *in pari materia*." *Jones*, 396 S.W.3d at 562 (citing *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006)).

## B. Applicable Law

### 1. Controlled Substances Act

A "controlled substance" means "a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4" of the Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (West Supp. 2014). "Controlled substances listed in Schedules I through V and Penalty Groups 1 through 4 are included by whatever official,

5

common, usual, chemical, or trade name they may be designated." *Id.* § 481.031 (West 2010). Hydrocodone is listed under Penalty Groups 1 and 3, and was listed under Schedule III at the time of Holloway's conviction.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(A) (West 2010) (Penalty Group 1 includes "hydrocodone not listed in Penalty Group 3"); § 481.104(a)(4) (West Supp. 2014) (Penalty Group 3 includes "a material, compound, mixture, or preparation containing . . . not more than 300 milligrams of dihydrocodeinone (hydrocodone), or any of its salt," in certain formats); § 481.032 (West Supp. 2013) (hydrocodone is Schedule III drug; effective before October 2014).

As applicable here, a person commits an offense under the Controlled Substances Act if he knowingly attempts to possess or obtain a controlled substance through use of a fraudulent prescription form. TEX. HEALTH & SAFETY CODE ANN. § 481.129(a)(5)(B). This offense is a third-degree felony if the substance is listed in Schedule III of the Health & Safety Code. *Id.* § 481.129(d).

### 2. Dangerous Drug Act

"'Dangerous drug' means a device or a drug that is unsafe for self-medication and that is not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481 (Texas Controlled Substances Act)." TEX. HEALTH &

---

[1] Effective October 2014, hydrocodone became a Schedule II drug. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.032 (West Supp. 2014) (hydrocodone is Schedule II drug).

SAFETY CODE ANN. § 483.001(2) (West Supp. 2014). A person commits an offense under the Dangerous Drug Act if the person, among other things, "obtains or attempts to obtain a dangerous drug by using a forged, fictitious, or altered prescription." *Id.* § 483.045(a)(3) (West 2010). This offense is a Class B misdemeanor unless the defendant has previously been convicted of an offense under the Dangerous Drug Act, in which event the offense is a Class A misdemeanor. *Id.* § 483.045(b) (West 2010).

## C.     Analysis

We conclude that Section 483.045 of the Dangerous Drug Act and Section 481.129 of the Controlled Substances Act are not *in pari materia* as Holloway argues. The Legislature explicitly stated that "dangerous drugs" governed by the Dangerous Drug Act include only drugs "not included in Schedules I through V or Penalty Groups 1 through 4 of Chapter 481," the Controlled Substances Act. TEX. HEALTH & SAFETY CODE ANN. § 483.001(2). Hydrocodone is included in Penalty Groups 1 and 3 of the Controlled Substances Act, and was included on Schedule III at the time of Holloway's conviction. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(A), 481.104(a)(4) & 481.032 (West Supp. 2013). Thus, hydrocodone is not a "dangerous drug" covered by the Dangerous Drug Act. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 483.001(2), 481.102(a)(3)(A), 481.104(a)(4) & 481.032 (West Supp. 2013).

7

Because the State could not have properly charged Holloway under the Dangerous Drug Act, we reject Holloway's contention that the two statutes are *in pari materia*, and we hold that the trial court did not err in denying Holloway's motion to quash the indictment. *See Hollin v. State*, 227 S.W.3d 117, 122 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (because statutes were not *in pari materia*, trial court did not err in denying motion to quash indictment).

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-14-00031-CR

JOSHUA J. HOLLOWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the 182nd District Court of Harris County.   (Tr. Ct. No. 1366751).

This case is an appeal from the final judgment signed by the trial court on December 9, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered January 29, 2015.

Panel consists of Chief Justice Radack and Justices Bland and Huddle. Opinion delivered by Justice Huddle.