

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1948-06, 1949-06 & 1950-06

### TUMAR YISING WILLIAMS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### VICTORIA COUNTY

PRICE, J., filed a concurring opinion in which KEASLER and HOLCOMB, JJ., joined.

### CONCURRING OPINION

I agree that the trial court erred in ordering the appellant's third sentence, enhanced under the drug-free zone provision of the Health and Safety Code, to run consecutively to his other two, concurrently running sentences, and I join the Court's opinion. I write separately only to elaborate on the Court's reasoning.

The appellant was charged in three separate indictments alleging delivery of cocaine,

perpetrated on three different dates, in an amount between one and four grams. This constitutes the repeated commission of the same offense under Section 481.112(a) and (c) of the Health and Safety Code.[1] Each indictment included an enhancement count alleging the commission of a prior felony that boosted the grade of the offense from a second degree felony to a first degree felony, punishable by a term of life, or not more than 99 years or less than five years in the penitentiary, and a fine of no more than $10,000.[2] It is undisputed that the State consolidated these three offenses for trial, and there was no severance. By the express terms of Section 481.132(d) of the Health and Safety Code, therefore, the trial court was required to run the three sentences concurrently.[3]

The complication in this case arises from the fact that the third indictment also alleged that the appellant committed his delivery offense within a thousand feet of the premises of a school—a so-called "drug-free zone." For this reason, the appellant was also susceptible under this third indictment to an enhancement of his sentence by increasing the minimum

---

[1] See TEX. HEALTH & SAFETY CODE § 481.112(a) & (c) (" . . . a person commits an offense if the person knowingly . . . delivers . . . a controlled substance listed in Penalty Group 1. * * * An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams.").

[2] TEX. PEN. CODE §§ 12.42(b) & 12.32.

[3] See TEX. HEALTH & SAFETY CODE § 481.132(d) ("If the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently."); see also TEX. HEALTH & SAFETY CODE § 481.132(a)(2) (defining "criminal episode" to include "the repeated commission of the same or similar offenses").

punishment by five years and doubling the fine.[4] The trial court concluded that, because the appellant's third conviction was susceptible to this drug-free zone enhancement, his sentence for that conviction could not be made to run concurrently with the other two sentences, notwithstanding Section 481.132(d). The trial court believed that Section 481.132(d)'s requirement of concurrent sentences was trumped by Section 481.134(h), which provides that "[p]unishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute." In my view, however, the trial court misconstrued the plain language of Section 481.134(h).

Under Subsection (h) of Section 481.134, it is impermissible to run punishment for "an offense listed" elsewhere in Section 481.134 concurrently with punishment for any offense defined by "any *other* criminal statute."[5] By "other criminal statute," Subsection (h) plainly means any criminal statute other than those criminal statutes listed in the other subsections of Section 481.134. There is nothing else in the sentence that the word "other" could possibly refer back to. Each of the three offenses the appellant was indicted for is defined as a second degree felony by Section 481.112(c) of the Health and Safety Code. Section 481.112(c), in turn, is listed in Subsection (c) of Section 481.134—the same

---

[4] *See* TEX. HEALTH & SAFETY CODE § 481.134(c)(1) ("The minimum term of confinement or imprisonment for an offense otherwise punishable under Section 481.112( c) . . . is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed . . . within 1000 feet of premises of a school[.]").

[5] TEX. HEALTH & SAFETY CODE §481.134(h) (emphasis added).

"section" that Subsection (h) of Section 481.134 refers to. Because all of the offenses that the appellant was convicted of are listed in Section 481.134, he has not been convicted under any criminal statute "other" than those listed in Section 481.134. For this reason, the prohibition against concurrent sentences as defined by Subsection (h) of Section 481.134 does not apply to the appellant's consolidated convictions. And because prosecution for all three offenses was consolidated under Section 481.132(d) of the Health and Safety Code, concurrent sentencing was mandated. The trial court erred to conclude otherwise.

The State Prosecuting Attorney has filed an amicus brief in this cause, asking the Court to apply principles of *in pari materia* to conclude that Section 481.134(h)'s prohibition against concurrent sentencing for drug-free zone punishments should govern. But one of the first principles of *in pari materia*, which is applicable to the Health and Safety Code, is to construe seemingly conflicting statutes to harmonize if at all possible.[6] Here, there is no conflict. Each of the appellant's three convictions was for "an offense listed under" Section 481.134; none was for an offense "under any other criminal statute." On its face, then, Subsection (h) of Section 481.134 does not prohibit concurrent sentences under these circumstances. In the absence of any special provision that *would* operate to prohibit

---

[6] *E.g.*, *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). *See* TEX. HEALTH & SAFETY CODE § 1.002 ("Chapter 311, Government Code (Code Construction Act), applies to the construction of each provision in this code except as otherwise provided by this code."). The Texas Controlled Substances Act (Chapter 481 of the Texas Health and Safety Code) does not provide otherwise. Under Section 311.026(a) of the Code Construction Act, any conflict between a general provision and a special or local provision "shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE § 311.026(a).

the appellant from obtaining concurrent sentences, the general statutory requirement of concurrent sentencing when prosecutions are consolidated, contained in Section 481.132(d) of the Health and Safety Code, plainly governs.

Filed:  May 14, 2008
Publish