

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00001-CR

———————————————

THE STATE OF TEXAS

V.

MIGUEL VILLANUEVA, III, APPELLEE

---

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1738244

---

Before Kerr, Bassel, and Wallach, JJ.
Opinion by Justice Wallach

# OPINION

Villanueva was charged by information with violating Texas Penal Code Section 46.02(a-1) by intentionally, knowingly, or recklessly carrying a handgun in his motor vehicle while engaged in criminal activity (driving while intoxicated). *See* Tex. Penal Code Ann. § 46.02(a-1). He was charged with DWI in another information arising from the same incident. *See id.* § 49.04. The trial court quashed the information because it did not charge an offense, based on recent statutory changes, and it discharged Villanueva. The State appealed. Because we hold that the information did charge an offense, we will reverse the order quashing the information and discharging Villanueva and remand the case to the trial court for further proceedings.

1.     Background

Early on June 23, 2022, Villanueva's vehicle was stopped on the lefthand side of an access road when the arresting officer discovered Villanueva in a state of intoxication with his feet "planted firmly on the ground" but "bent over" with his head "tucked between the back of the driver's seat and the center console." Villanueva's holstered handgun was in the map pocket of the driver-side door.

On July 8, 2022, by informations filed in trial court Cause Numbers 1738244 and 1738245, Villanueva was charged with the misdemeanor offenses of unlawful carrying of a weapon and DWI. The charging information in Cause 1738244 alleged that Villanueva had intentionally, knowingly, or recklessly carried on or about his person a handgun while he was in a motor vehicle that he owned or that

2

was under his control while he was simultaneously engaged in criminal activity, i.e., DWI. Villanueva was charged in a separate information with "driving while intoxicated, second" in cause 1738245. Villanueva subsequently appeared before a magistrate and was notified of his right to have an attorney and of his right to consular notification. This magistrate warning pertained to both misdemeanor offenses that were part of the same underlying arrest: (1) DWI and (2) unlawful carrying of a weapon.

On September 12, 2022, Villanueva filed a Motion to Quash in Cause 1738244, the unlawful-carrying-of-a-weapon offense, contending that the information was insufficient in its substance and that no underlying criminal offense was alleged in the information.[1] Specifically, Villanueva contended that the charge of unlawful carrying of a weapon while intoxicated inside a vehicle he owned or controlled was no longer an offense after the September 1, 2021 amendments to the Texas Penal Code codified in Section 46.02(a-6). On December 28, 2022, the trial court granted Villanueva's motion. In doing so, the trial court held that no offense was charged in the information and discharged him.

2. Standard of Review

This court reviews the dismissal of a charging instrument under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011); *State v.*

---

[1]On appeal, Villanueva conceded his insufficiency-of-the-information challenge and limited his argument to whether the information charged a criminal offense.

*Alvear*, No. 10-16-00203-CR, 2018 WL 4016337, at *2 (Tex. App.—Waco Aug. 22, 2018, pet. ref'd) (mem. op., not designated for publication). Almost total deference is given to a trial court's findings of fact that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. *Krizan-Wilson*, 354 S.W.3d at 815; *Alvear*, 2018 WL 4016337, at *2. However, a de novo standard of review is applied to pure questions of law and mixed questions that do not depend upon credibility determinations. *Alvear*, 2018 WL 4016337, at *2. De novo review is appropriate in this case because it involves a pure question of law and is not based upon facts or the credibility of witnesses. *Ahmad v. State*, 295 S.W.3d 731, 739 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Alvear*, 2018 WL 4016337, at *2.

3. Analysis

The parties agree that the sole issue in this case is the interpretation of Texas Penal Code Section 46.02. Section 46.02(a-1) provides in pertinent part that

> (a-1) A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle or watercraft that is owned by the person or under the person's control at any time in which: . . .
>
> (2) the person is:
>
> (A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating[.]

Tex. Penal Code Ann. § 46.02(a-1). Section 46.02(a-6) provides, in pertinent part, that a person commits an offense if the person (1) carries a handgun, (2) while the person

4

is intoxicated, and (3) "is *not* . . . inside of or directly en route to a motor vehicle or watercraft . . . that is owned by the person or under the person's control." *Id.* § 46.02(a-6) (emphasis added).

The State contends that Section 46.02(a-1) is violated if a person who is intoxicated *operates* his vehicle (i.e., commits a DWI), with a handgun present in the vehicle. Villanueva contends that Section 46.02(a-6) precludes a person from being prosecuted for unlawful carrying of a weapon in his vehicle if the only other offense for which he is being prosecuted is an intoxication-related offense such as DWI. We must therefore determine if the 2021 amendment that added Section 46.02(a-6) impliedly amended Section 46.02(a-1) to remove intoxication-related offenses from the scope of "criminal activity" subject to prosecution under Section 46.02(a-1)(A). We hold that it did not.

We find the court's analysis of a similar situation in *Diruzzo v. State*, 581 S.W.3d 788, 798–804 (Tex. Crim. App. 2019), to be useful in resolving this case. Diruzzo, who had no license to practice medicine, was convicted on sixteen counts of violating Texas Occupations Code Section 165.152, illegally practicing medicine while not holding a license to practice medicine, a third-degree felony. *Id.* at 790. Diruzzo challenged the trial court's subject matter jurisdiction, claiming that the indictment only charged misdemeanor offenses, not felony offenses. While the court of appeals rejected that challenge and affirmed the convictions, the Court of Criminal Appeals agreed with Diruzzo and vacated the convictions. *Id.* at 790. The dispute centered

around whether two provisions of the Occupations Code, one of which had been the subject of amendment, were in pari materia and how their respective provisions should be interpreted. *Id.* at 791–92.

Diruzzo conceded that when the Texas Occupations Code was adopted in 1999, Section 165.152 applied to physicians and non-physicians and made practicing medicine without a license a misdemeanor offense unless the accused had been previously convicted for the offense, which served to enhance the offense to a third-degree felony.[2] *Id.* at 794. Diruzzo also admitted that Section 165.153 operated as an additional enhancement for practicing medicine without a license to a third-degree felony if the State proved physical or psychological harm, and a state jail felony if it showed financial harm. *Id.*

But, in 2003 the legislature amended Section 165.152(c) to read simply, "An offense under Subsection (a) is a felony of the third degree." Act of June 10, 2003, 78th Leg., ch. 202, § 37, 2003 Tex. Gen. Laws 844. Diruzzo argued that, as a result, there was an apparent conflict between Section 165.152 and Sections 165.151 and .153, which would effectively nullify section 161.153, a result that was acknowledged by the State. *Diruzzo*, 581 S.W.3d at 798. The State argued that the amendment was an

---

[2]Section 165.152(a) provided that "[a] person commits an offense if the person practices medicine in this state *in violation of this subtitle.*" Tex. Occ. Code Ann. § 165.152. By comparison, Section 165.153(a) provided that "[a] person commits an offense if the person practices medicine *without a license or permit. . . .*" *Id.* § 165.153 (emphasis added).

"implied repeal" of Section 165.153. *Id.* at 799. Diruzzo argued that the provisions were in pari materia and should be construed together to give meaning to the whole. *Id.*

In reversing the convictions, the court held that (1) repeal of laws by implication is not favored, (2) while a later-enacted statute that contradicts an earlier statute effectively repeals it, if the original provision can be construed in harmony with the amendment, that is the preferred judicial response so as to avoid implied repeal, and (3) when statutes are in pari materia, they are to

> "be taken, read, and construed together, each enactment in reference to the others, as though they were parts of one and the same law." [*Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988).] Most importantly for present purposes, "[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." *Id. See* A. Scalia & B. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS § 27, at 180 (2012) ("[T]here can be no justification for needlessly rendering provisions in conflict if they can be interpreted harmoniously."); TEX. GOV'T CODE § 311.021(2) (Code Construction Act) ("In enacting a statute, it is presumed that . . . the entire statute is intended to be effective[.]").

*Id.* Citing to *Cheney*, the court noted that

> [i]t is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia though they contain no reference to one another, and though they were passed at different times or at different sessions of the legislature.

*Id.* (citing *Cheney*, 755 S.W.2d at 126).

7

The court held that the provisions were in pari materia and harmonized them by holding that Section 165.152 applied only to licensed physicians who practiced medicine in violation of the statute. Persons practicing medicine without a license commit a Class A misdemeanor under Section 165.151 unless they commit an act that invokes the enhancement provisions to a felony offense under section 165.153. *Id.* at 801–02. Because the indictment only charged Diruzzo with practicing medicine without a license, the court held that it only charged misdemeanor offenses and the district court lacked jurisdiction to hear the case. *Id.* at 804.

As applied to this case, we note that implied repeal of statutes is disfavored. Thus, if Section 46.02(a-1) can be harmonized with the subsequent amendment found in Section 46.02(a-6), that will be the favored way of resolving the purported conflict.

Are Sections 46.02(a-1) and 46.02(a-6) in pari materia? They do not reference each other but, as charged here, they deal with overlapping subject matter— intoxicated individuals in vehicles with handguns. They have the same general purpose, to criminalize (and presumably deter) some conduct that may involve intoxication and possession of a handgun. We hold that the provisions are in pari materia. *See id.* at 799. Therefore, "[t]heir provisions should be construed harmoniously, and in such a way as to render every part efficacious, to the extent they can plausibly be made to do so." *Id.*

Can the two provisions be construed in a harmonious fashion? Yes. Although the two provisions have significant overlap, they are not identical. Section 46.02(a-6)

8

provides that a violation occurs if a person is intoxicated and in possession of a handgun unless the person is directly en route to or inside of a vehicle which he/she owns or has the right to possess. Tex. Penal Code Ann. § 46.02(a-6). This section does not address the situation where the accused is operating a motor vehicle as opposed to merely being inside of the vehicle. Likewise, Section 46.02(a-1) applies to a person who intentionally, knowingly, or recklessly carries on or about his or her person a handgun in a motor vehicle or watercraft "that is owned by the person or under the person's control at any time in which . . . the person is engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating." *Id.* § 46.02(a-1) (numbering omitted). DWI is a criminal activity. *Id.* § 49.04. Thus, Section 46.02(a-1) has elements that are in addition to those of Section 46.02(a-6), including *mens rea* and the elements of the criminal activity, such as operating a motor vehicle while intoxicated.

The elements necessary to prove that a person committed DWI are: (1) a person; (2) who is intoxicated; (3) at the time of; (4) operating; (5) a motor vehicle; (6) in a public place. *Id.*; *State v. Bara*, 500 S.W.3d 582, 586–87 (Tex. App.—Eastland 2016, no pet.). Even where a person is not conscious inside their parked vehicle when confronted by law enforcement, they may still be guilty of having "operated" their vehicle while intoxicated based on a totality of the circumstances. *See Kinnett v. State*, 623 S.W.3d 876, 898 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Wilkins v.*

9

*State*, No. 02-19-00324-CR, 2021 WL 278311, at *4 (Tex. App.—Fort Worth Jan. 28, 2021, no pet.) (mem. op., not designated for publication).

Thus, the two provisions can be harmonized. Under Section 46.02(a-6), it may not be an offense if an intoxicated person is simply inside his vehicle in possession of a handgun. It may become a violation of section 46.02(a-1) if that intoxicated person, with the requisite *mens rea* for unlawful possession of the firearm, operates that vehicle while in possession of a handgun. We therefore hold that the information in this cause alleged an offense, and the trial court reversibly erred by quashing the information and discharging Villanueva.

4. Conclusion

The trial court's order quashing the information and discharging Villanueva is reversed and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

/s/ Mike Wallach
Mike Wallach
Justice

Publish

Delivered: June 15, 2023